Filed March 3, 1893.

---

## No. 813.

## REED *v.* REED.

ALIENATION OF AFFECTIONS.—*Complaint for.*—*Parent and Child.*—*Action Against Mother.*—*Necessary Averment.*—In an action against a mother for alienating the affections of her son from his wife, the plaintiff, the complaint is bad unless it states that the acts were maliciously done, all legal presumptions in such cases being that the parent will act for the best interest of the child.

From the Sullivan Circuit Court.

*J. S. Bays,* for appellant.

*W. C. Hultz,* for appellee.

REINHARD, C. J.—This action was by the appellant against the appellee for damages for the alleged alienation of the affections, society, and support of appellant's husband. The complaint was in two paragraphs, to each of which a demurrer was sustained. The correctness of this ruling is the only question made by this appeal.

The appellee seeks to uphold the ruling of the trial court, upon the authority of *Logan* v. *Logan,* 77 Ind. 558, which decides that a married woman can not maintain such an action. The later cases, however, declare a contrary rule. *Haynes* v. *Nowlin,* 129 Ind. 581; *Postlewaite* v. *Postlewaite,* 1 Ind. App. 473.

As the paragraphs of the complaint are tested by a demurrer addressed separately to each, it behooves us to inquire into the sufficiency of each.

It does not appear from the averments of the second paragraph of the complaint that the appellant's act of causing the alleged alienation was done maliciously. In a case of this character, we regard this as a necessary averment. *Westlake* v. *Westlake*, 34 Ohio St. 621, 32 Am. Rep. 397. See also, *Hutchenson* v. *Peck*, 5 Johns. 196; *Bennett* v. *Smith*, 21 Barb. 439. The reason for this rule must be apparent. It is charged in each paragraph that the appellee is the mother of the appellant's husband. The law has a tender regard for the ties of kinship subsisting between parent and child, and it will not disregard these ties, although the child be married and of full age. When trouble and disagreements arise between the married pair, the most natural promptings of the child direct it to find solace and advice under the parental roof. All legitimate presumptions in such cases must be that the parent will act only for the best interests of the child. The law recognizes the right of the parent in such cases to advise the son or daughter, and when such advice is given in good faith, and results in a separation, the act does not give the injured party a right of action. In such a case the motives of the parent are presumed good until the contrary is made to appear. *Burnett* v. *Burkhead*, 21 Ark. 77.

These rules have generally been applied in cases where the suit was brought by the husband for the alienation of his wife, and we see no reason why they should not, with proper modifications, prevail where the wife is the plaintiff. See Bishop on Marriage and Divorce, section 1359, *et seq.*; Bigelow on Torts, 3d ed., p. 153; *Bennett* v. *Smith*, *supra; White* v. *Ross*, 47 Mich. 172.

The first paragraph of the complaint charges that the acts complained of were done by the appellant "with the malicious intent of depriving the plaintiff of her said hus-

band, and of his aid, support and association." The second paragraph contains no such averment. We are of the opinion that the first paragraph states a good cause of action, but that the second paragraph is bad.

Judgment reversed.

Filed March 14, 1893.