No. 1,667.

RAILSBACK v. RAILSBACK ET AL.

ALIENATING HUSBAND'S AFFECTIONS.—By Parents of Husband.—Damages.—Special Verdict, Sufficient to Entitle Plaintiff to Recover.—
In an action for damages by the wife against the parents of her husband, for alienating his affections from her, the special verdict states facts entitling plaintiff to judgment, which establishes that plaintiff, in all things, deported herself as a wife should, and was, therefore, blameless; that the defendants maliciously alienated her husband's affections from her by falsely and maliciously telling her husband false and malicious reports concerning her, thereby causing him to refuse to live with or provide for her.

SAME.—Special Verdict.—The failure to set forth in the verdict the nature and character of the statements made by defendants to plaintiff's husband does not vitiate the same.

SAME.—Essentials.—Construction.—The verdict is to be construed reasonably and fairly, yet keeping in mind that it must contain within itself, without aid by intendment or inference other than those which necessarily follow, all those essential facts which are required to authorize a recovery by the party on whom rests the burden of proof.

From the Fulton Circuit Court.

E. C. Martindale, I. Conner and W. W. McMahan, for appellant.

M. L. Essick and O. F. Montgomery, for appellees.

GAVIN, J.—The appellant brought suit to recover damages from the appellees by reason of their wrongful and malicious alienation of her husband's affections, and thus depriving her of his comfort, love and support. The cause was tried by a jury, which returned a special verdict, upon which the trial court rendered judgment for appellees over appellant's exception. This ruling is brought in review before us.

The special verdict, somewhat abbreviated, is as follows:

1. The appellant was married to Alvardo Railsback,

appellee's only child, at Marshall county, Indiana, January 22, 1891. They immediately went to Hot Springs, Ark., where they lived and kept house until September 21, 1891, when they returned to Argos, Ind., to the home of appellees, who had been staying with appellant and her husband since about March 7th.

2. About December 10, 1891, said Alvardo returned to Hot Springs, leaving appellant with appellees and without any means of support. She remained with appellees five weeks, then went to her own father's home, one and one-half miles distant, shortly after which appellees packed up most of her things and sent them to her. Soon after this she and her father returned to appellee's house, when they told her that her husband should not live with her any more, and that she should go to her own father's home. Up to his second departure for Hot Springs appellant and her husband had had no trouble, and they parted in kindness. After his return, however, he was completely estranged from her and refused to live with her.

3. Appellant was in no way to blame for the separation, and "deported herself at all times as a loving and faithful wife."

4. On the arrival of appellant's husband at Argos, Ind., in May, 1892, appellees did, by conversations and by exercising the power which they held over him by virtue of having all his money and means, and by persuasions exercised on said Alvardo by appellees, prejudice the mind of appellant's husband against her and alienate her said husband's affection from her.

5. And we further find that defendants did falsely and maliciously tell to plaintiff's said husband, of and concerning plaintiff, false and malicious reports, and that by reason thereof plaintiff's said husband became estranged from her and his affections alienated from her,

and he refused to live and cohabit with her, and that plaintiff and her said husband are now living separate and apart, and that such separation was caused by the power and influence which defendants maliciously exerted over plaintiff's husband.

6. That while her husband was away, appellees, by correspondence, poisoned his mind against appellant so that he ceased to correspond with her, and gave notice to merchants not to sell to her on his credit.

Said Alvardo, until shortly prior to his second return to Hot Springs, owned land worth $1,000, and a lot in Argos worth $500. Shortly before this return he and appellant, by the persuasion of appellees, conveyed the land to appellees and the lot to another person, from whom said Nathan Railsback received the purchase-money, and still retains the same, leaving said Alvardo destitute of money and means when he came back from Arkansas in May, 1892.

"And we further find that the procuring of plaintiff's husband's property was done for the purpose of putting and did put plaintiff's husband within their power, and for the purpose of eventually causing a separation of plaintiff and her husband. And we find that the separation of plaintiff and her said husband was caused by the unlawful and malicious acts and communications of the defendants, and that thereby plaintiff has lost the society and support of her said husband and his affections alienated from her."

The damages were assessed at $1,170.

We are informed by counsel that the court below rendered judgment on this verdict in appellees' favor, upon the theory that it did not state facts showing any wrong by appellees, but conclusions merely.

The law is that a special verdict or finding should state ultimate facts and not conclusions of law or mere

matters of evidence, but it is equally well settled that if facts sufficient to support a judgment are stated the presence of conclusions of law or of matters of evidence will not vitiate the verdict. *Branson* v. *Studabaker*, 133 Ind. 147; Elliott App. Proced., sections 753, 757.

It is not necessary, as was stated in *Becknell* v. *Hosier*, 10 Ind. App. 5, that the facts should be found exactly as pleaded. It is sufficient if the substance of the issues be found. The verdict is to be construed reasonably and fairly, yet keeping in mind the rule that it must contain within itself, without aid by intendment or inferences other than those which necessarily follow, all those essential facts which are required to authorize a recovery by the party upon whom rests the burden of proof. Unless such facts are presented in the verdict, such party can not recover. *Shipps* v. *Atkinson*, 8 Ind. App. 505.

It can no longer be controverted in Indiana that a woman may maintain an action for damages suffered by reason of another's malicious alienation of her husband's affections from her. For many years the right to maintain such an action was restricted to the husband. This court, by REINHARD, J., in *Postlewaite* v. *Postlewaite*, 1 Ind. App. 473, first declared the law of this State to be in accordance with manifest principles of justice and equity and decided that a cause of action vested in the wronged wife as well as in the injured husband.

The Supreme Court, in *Haynes* v. *Nowlin*, 129 Ind. 581, by ELLIOTT, J., approved the doctrine of this case in most positive terms, and this holding has been followed in *Wolf* v. *Wolf*, 130 Ind. 599; *Holmes* v. *Holmes*, 133 Ind. 386; *Adams* v. *Main*, 3 Ind. App. 232, and *Reed* v. *Reed*, 6 Ind. App. 317.

To the same effect are *Warren* v. *Warren* (Mich.), 50 N. W. Rep. 842; *Westlake* v. *Westlake*, 34 Ohio St. 621;

*Waldron* v. *Waldron,* 45 Fed. Rep. 315; *Huling* v. *Huling,* 32 Ill. App. 519.

We are unable, after careful consideration, to find in this verdict the want of any essential fact necessary to the appellant's right to recovery. After disregarding much surplus matter, it still seems to find clearly and unequivocally that appellant in all things deported herself as a wife should, and was, therefore, blameless; that the appellees maliciously alienated her husband's affections from her by falsely and maliciously telling her husband false and malicious reports concerning her, thereby causing him to refuse to live with or provide for her.

These are, it seems to us, ultimate facts to be established by the evidentiary facts presented to the jury, and properly stated in the verdict. We do not see any good reason for holding, as asserted by counsel, that all these statements must be ignored because the jury failed to set forth in its verdict the nature and character of the statements made by appellees to appellant's husband. The intention and design of appellees to separate the husband and wife are clearly made manifest. If they maliciously and falsely told to the husband such falsehoods concerning appellant as alienated his affections from her, they must answer for their wrong, whatever may have been the nature of such falsehoods. They were evidently such as were sufficient to bring about the result.

There is not presented by this verdict such a case as is argued by appellees' counsel, where the parents in good faith take the part of their own child in a family difficulty for which they are not responsible. In such a case we would reiterate with the strongest approval the doctrine declared by REINHARD, J., in *Reed* v. *Reed,* 6 Ind. App. 317.

"The law has a tender regard for the ties of kinship

subsisting between parent and child, and it will not disregard these ties, although the child be married and of full age.   When trouble and disagreements arise between the married pair, the most natural promptings of the child direct it to find solace and advice under the parental roof.   All legitimate presumptions in such cases must be that the parent will act only for the best interests of the child.   The law recognizes the right of the parent in such cases to advise the son or daughter, and when such advice is given in good faith, and results in separation, the act does not give the injured party a right of action. In such a case the motives of the parent are presumed good until the contrary is made to appear.''   *Pollock* v. *Pollock*, 29 N. Y. Supp. 37; *Glass* v. *Bennett* (Tenn.), 14 S. W. Rep. 1085; Schouler Dom. Rel., section 41.

We are of opinion that these propositions should be allowed, by the trial court or jury, the fullest weight and consideration in actions of this character, but no such state of facts is shown by this verdict.   Instead of good faith we have malice and falsehood.

Our conclusion is that the court erred in rendering judgment in appellees' favor.

In view of the character of the document filed by appellant after this appeal was taken, we are of opinion that justice will be subserved in this case by ordering a new trial.

The judgment is accordingly reversed, with instructions to grant appellant a new trial if asked for.

Filed April 9, 1895.

## MODIFYING OPINION.

GAVIN, J.—After further consideration, we are satisfied that the dismissal upon which we based our order for a new trial was no proper part of the record, having been filed after the appeal, and should not be given weight.

Nothing appearing in the record to indicate that justice will be subserved by a new trial, we have concluded to modify the original opinion so far as to withdraw the order for new trial, and direct that judgment be entered upon the verdict in favor of appellant. It is therefore so ordered.

Filed June 11, 1895.