## BERTHA GREUNEICH v. CHRISTOPH GREUNEICH.

(137 N. W. 415.)

**Husband and wife — alienation of husband's affections — proof — malice.**

1. In an action brought by the wife against the parent of her husband for the alienation of such husband's affections, no recovery can be had unless there is clear proof that the defendant acted maliciously and with a purpose to alienate. If a husband leave his wife and is induced so to do by the advice and counsel of, or by words uttered by, his parents, the parent will not be held liable unless it is made to appear that in giving such advice or counsel he acted in bad

---

Note.—All the authorities are agreed, as shown by a note in 9 L.R.A. (N.S.) 322, that a parent will not be liable to the spouse of his child for causing their separation if the counsel given and persuasion used by him are such as he fairly and honestly considers to be called for by the best interests of the child; in other words, if his acts are done in good faith and without malice. And the rule is the same whether the child advised or persuaded is a son or daughter. But, in harmony with the above case, the decisions hold that if the parent acts maliciously and unjustifiably in bringing about the separation, he is liable to the injured party as if he were a stranger. See also notes in 46 Am. St. Rep. 477 and 44 Am. St. Rep. 850.

As to the right of a wife, under modern married women's acts, to sue for alienation of the affections of her husband, see notes in 4 L.R.A. (N.S.) 643; 29 L.R.A. (N.S.) 842; 28 Am. St. Rep. 217, and 46 Am. St. Rep. 472.

faith, and not honestly to promote the interest and welfare of his child, and with the intention to so alienate. The law in such cases recognizes the natural and proper solicitude of a parent for the welfare and happiness of his child, even after the child has married and has left the parental roof.

**Husband and wife — alienation of affections — instructions — action.**

2. In such a case, instructions which absolutely ignore the question of malice and intention, and lead the jury to infer that a verdict may be returned against the defendant in the absence of a finding of such facts, are erroneous.

Opinion filed June 17, 1912.

Appeal by defendant from a judgment of the District Court for McIntosh County, *Allen,* J., in plaintiff's favor in an action brought to recover damages for alienation of her husband's affections.

Reversed.

This is an action for damages brought by a wife for the alienation of her husband's affections. The case was tried to a jury, and the trial resulted in a verdict for plaintiff for $4,000, and judgment was entered thereon. The defendant moved for a new trial, and the motion was overruled. The defendant now prosecutes this appeal to secure a reversal of the said judgment.

In his instructions in regard to the measure of damages, the trial court charged the jury as follows: (1) "But if you find by a preponderance of the evidence that Wilhelm Greuneich treated his wife cruelly, and mistreated her as alleged in the complaint, and that Wilhelm was induced to so treat his wife because of what the defendant said and did, then the defendant, Christoph Greuneich, would be responsible and your verdict in such case should be in favor of the plaintiff." (2) "On the other hand, gentlemen, if you find by a preponderance of the evidence that Wilhelm treated his wife in a cruel manner, and separated himself from her and cast her off, and you further find by a preponderance of the evidence that the defendant was the controlling cause, and that he is responsible on account of what he did and said to his son for the treatment of Wilhelm towards his wife, then he would be responsible for the result and should therefore respond in damages." (3) "It is proper, gentlemen of the jury, in considering this matter to take into account all the facts and circumstances, and the statements and acts of

23 N. D.—24.

the respective parties, as far as the same have been testified to here which took place before the date of the alleged separation, as tend to show whether the separation of the plaintiff from her husband was brought about as a consequence of, and was the outcome of, the wrongful acts and statements of defendant herein, or that said separation was due to some other cause for which the defendant was not responsible." (4) "And I instruct you further that if the jury find that the defendant acted *maliciously* in causing the separation of the plaintiff from her husband, they may allow plaintiff, in addition to actual damages, such further additional sum by way of punitive damages, as they shall in their sound judgment deem just, not in all, however, exceeding the sum claimed in the complaint. Punitive damages are damages awarded against defendant by way of punishment for his malicious acts; and in assessing such punitive damages you have a right to take into consideration the wealth or poverty of the defendant as disclosed in the evidence, and you may make your award of punitive damages large or small according to the defendant's wealth, always keeping in mind that such damages must be just and reasonable; that is, upon the theory that punitive damages being by way of punishment, a small amount which might be a severe punishment to a poor man would be no punishment at all to a rich man. And if you find this a proper case under the instructions of the court for the infliction of punitive damages, you should make your award of such damages after a due consideration of all the facts proved, and taking into consideration the wealth or poverty of defendant as shown by the evidence, and you must be satisfied that there was actual malice on behalf of defendant, and that he acted maliciously and wilfully, before you award damages of this kind." (5) "I instruct you, further, gentlemen, that if you find by a preponderance of the evidence that the plaintiff was abandoned by her husband, and further find that the misconduct of the defendant was the controlling cause which induced the plaintiff's husband to abandon her, and without which it would not have occurred, this action could be maintained, and your verdict should be for the plaintiff although other causes contributed to the separation."

*W. S. Lauder* and *Wishek & Shubeck,* for appellant.

If a wife leave her husband, or a husband his wife, and he or she is

induced so to do by the advice or counsel of a parent, even though such advice was not wisely given, the parent will not be held liable, unless it is made to appear that in giving such advice or counsel the parent acted in bad faith, and not honestly to promote the interest and welfare of the child. Luick v. Arends, 21 N. D. 614, 132 N. W. 353; Trumbull v. Trumbull, 71 Neb. 186, 98 N. W. 683, 8 Ann. Cas. 812; and cases cited; Smith v. Lyke, 13 Hun, 204; Multer v. Knibbs, 193 Mass. 556, 9 L.R.A.(N.S.) 322, 79 N. E. 762, 9 Ann. Cas. 958; Leavell v. Leavell, 122 Mo. App. 654, 99 S. W. 450; Miller v. Miller, 122 Mo. App. 693, 99 S. W. 757; Smith v. Gillapp, 123 Ill. App. 121; Huling v. Huling, 32 Ill. App. 519; Oakman v. Belden, 94 Me. 280, 80 Am. St. Rep. 396, 47 Atl. 553; Brown v. Brown, 124 N. C. 19, 70 Am. St. Rep. 574, 32 S. E. 320; Campbell v. Carter, 6 Abb. Pr. (N. S.) 151; Tucker v. Tucker, 74 Miss. 93, 32 L.R.A. 623, 19 So. 955; Rath v. Rath, 2 Neb. (Unof.) 600, 89 N. W. 612; Rabe v. Hanna, 5 Ohio, 530; Payne v. Williams, 4 Baxt. 583.

*G. M. Gannon, Alfred Zuger,* and *T. A. Curtis,* for respondent.

Instructions of the court must be applicable to the issues and in harmony with the facts in the case. It is error for a court to charge the jury on an issue not raised by the pleadings or evidence. Bailey v. Bailey, 94 Iowa, 598, 63 N. W. 343; State v. Peltier, 2 N. D. 188, 129 N. W. 452; 21 Cyc. 1623; Rath v. Rath, 2 Neb. (Unof.) 600, 89 N. W. 612; Johnson v. Allen, 100 N. C. 131, 5 S. C. 666; Williams v. Williams, 20 Colo. 51, 37 Pac. 619; Schouler, Dom. Rel. § 41; Hutcheson v. Peck, 5 Johns. 210; Luick v. Arends, 21 N. D. 614, 132 N. W. 364.

BRUCE, J. (after stating the facts as above). It will be noticed that in none of the instructions relating to compensatory damages did the court call the attention of the jury to the fact that before damages could be awarded they must find that the defendant acted maliciously, and with the intention to alienate the affections of the husband. It is true that, in his instruction in relation to punitive damages, the court stated that a malicious motive had to be found. This instruction, however, merely served to emphasize and strengthen the belief in the minds of the jury that on the question of compensatory damages no malice was necessary to be proved; and it is, of course, impossible for us to determine

from the verdict how much was given as punitive damages, or whether in fact any punitive damages at all were allowed, or whether the jury found that there was any malice in the conduct of the defendant at all. The instructions, in fact, as counsel for appellant argue in their brief, entirely ignore the right of the defendant, and of a parent, generally, to advise and counsel his son in such matters, provided that he acted in good faith. The law recognizes the natural solicitude of a parent for the happiness and welfare of a child, even after the child has married and left the parental home; and it is well settled in the authorities that if a wife leave her husband, or a husband his wife, and he or she is induced so to do by the advice or counsel of a parent, the parent will not be held liable in an action for alienation of affections, unless it is made to appear that, in giving such advice or counsel, he acted in bad faith, and not honestly to promote the interest and welfare of his child. This is the case, even though the advice was not wisely given. Luick v. Arends, 21 N. D. 614, 132 N. W. 353; Oakman v. Belden, 94 Me. 280, 80 Am. St. Rep. 396, 47 Atl. 553; Brown v. Brown, 124 N. C. 19, 70 Am. St. Rep. 574, 32 S. E. 320; Trumbull v. Trumbull, 71 Neb. 186, 98 N. W. 683, 8 Ann. Cas. 812; Multer v. Knibbs, 193 Mass. 556, 9 L.R.A.(N.S.) 322, 79 N. E. 762, 9 Ann. Cas. 958; Busenbark v. Busenbark, 150 Iowa, 7, 129 N. W. 332. It is true that it has been held by some authorities, and perhaps is the correct rule, that if a parent relies on the defense of parental advice honestly given, he must plead it, and that this was not done in the case at bar. Rath v. Rath, 2 Neb. (Unof.) 600, 89 N. W. 612; 21 Cyc. 1623. The defense in this case, however, is hardly a defense of parental advice. It is a denial of the fact that the father maliciously alienated the affections of his son from his wife, and induced him to leave her. In the case at bar the complaint alleged malice on the part of the defendant, and it would seem that in such a case it was necessary that malice should have been alleged. Reed v. Reed, 6 Ind. App. 317, 51 Am. St. Rep. 310, 33 N. E. 638. It seems to be the general rule that an *intentional alienation* must be shown. Warner v. Miller, 17 Abb. N. C. 221; Westlake v. Westlake, 34 Ohio St. 621, 32 Am. Rep. 397. The acts of the defendant that caused the alleged injury must have been malicious, and though malice may be implied whenever there is a deliberate intention to do a grievous wrong without legal justification or excuse (Williams v. Williams, 20 Colo. 51, 37 Pac.

614), the existence of such malice or deliberate intention must be found by the jury. An unjustifiable act is not necessarily malicious, and a distinction must be made between the intentional commission of a wrongful act and the doing of a wrongful act through mere error of judgment. Ibid. The jury in fact may have found from the evidence that the defendant doubted the purity of his son's wife, and expressed such a doubt in words, without finding that in the expression of such doubt, the father *maliciously intended to alienate* the affections of his son and bring about a separation; and it is perfectly possible that the verdict of the jury may have been based upon the admission of the defendant that, on the occasion of the wedding, he asked the question as to what would be the name of a child of the plaintiff if it happened that she was pregnant at the time of her marriage, and the facts of the subsequent separation of the parties, without finding that the defendant, in uttering those words, maliciously intended to alienate the affections of his son. As to all of the other words spoken, there is a sharp conflict in the testimony, and we do not know which side the jury believed. There is, in short, a clear distinction between an action for slander or libel and an action for the alienation of affections. The gist of the latter is a malicious intention to alienate; and this fact is nowhere brought to the attention of the jury by the instructions.

The judgment of the District Court is reversed, and a new trial is ordered.