In re GAILEY.

(Circuit Court of Appeals, Seventh Circuit.  January 7, 1904.)

No. 1,004.

1. BANKRUPTCY—DISCHARGE—MAKING FALSE OATH.

Where a bankrupt has received a deed purporting to convey an interest in land, and has acted upon it by obtaining a loan secured by a mortgage on such interest which is outstanding at the time of the adjudication in bankruptcy, he has no right to omit the property or the debt from his schedules on the theory that in fact the conveyance vested no interest in him, that being a matter to be determined by the court; and his entire omission of any mention of the property is sufficient to warrant the refusal of a discharge on the ground of·his making a false oath.

2. SAME—SCHEDULE OF ASSETS—EQUITABLE INTEREST IN LAND.

The will of a testator provided that his property should descend according to law, except that the shares which would go to his daughters were devised to a trustee for the use and benefit of the daughters and their heirs, the income to be paid to the daughters.  Subsequently one of the daughters conveyed her interest in land so held in trust for her to her daughter and another.  Held, that the deed conveyed to the daughter an equitable interest in the land subject to the trust, which she was required to schedule in bankruptcy.

Petition for Revision. of Proceedings of the District Court of the United States for the Southern District of Illinois, in Bankruptcy.

The bankrupt, on January 26, 1903, filed her petition in the bankruptcy court for a discharge from her debts.  On the 14th of February, 1903, a creditor filed ₐobjections to the discharge to the effect that she had made a false oath and account in relation to her property, namely, that in Exhibit B to her petition, which she asserted under oath contained an inventory of all her property, both real and personal, she answered, in·effect, that she had no real property, either in reversion, remainder, or in expectancy, held in trust, or subject to any power or right to dispose of or to charge, whereas she had,. as she then well knew, title to certain real estate conveyed to her by one Margaret Browning, subject only to a trust in one George Carpenter, or his successors in trust, of the rents and profits for the use of Margaret Browning; that she had mortgaged such interest by a mortgage deed of warranty to one A. W. Summers to secure the sum of $4,000; that her interest in the property at the time of filing her petition exceeded the sum of $5,000; and that such alleged false oath was knowingly and fraudulently made.  The court below, upon the hearing on March 26, 1903, made the following order:  "This matter having come on to be heard upon the application for a discharge in bankruptcy, and upon the objections thereto, and the court, having heard the evidence offered by each of the parties herein, and having heard the argument of counsel, and being fully advised in the premises, finds that the said Amelia E. Gailey did, in said petition in bankruptcy knowingly and willfully make a false oath and account in relation to the

said bankruptcy proceedings." And the court thereupon adjudged that the application for a discharge be refused and denied.

The bankrupt is the daughter of Margaret Browning, who was the daughter of one William Carpenter. The latter, by his will, dated August 23, 1859, made the following provision with respect to his estate: "I devise that all my estate, real and personal, descend and be distributed in manner directed by law, with the following exception, to wit: That I devise to my son George Carpenter, the portions of my estate, real and personal, which would otherwise go to my daughters Elizabeth Cobb, Margaret Browning, Sarah Jane Carpenter and Mary Ellen Carpenter, in trust, for the sole and separate use of each of my said daughters respectively and their heirs, free from any control of the husbands they may now have or may hereafter have, and free and clear from any debt or contract of said husbands, the rents, issues and profits to be paid to my said daughters respectively." William Carpenter died August 30, 1859, and the will was duly probated. On the 3d of March, 1898, Margaret Browning, described in the deed as a widow, conveyed to William O. Browning and Amelia E. Gailey, the bankrupt, the undivided two-sevenths interest in certain property of which her father had died seised. On February 23, 1898, the bankrupt and her husband and William O. Browning and his wife executed a mortgage to one A. W. Summers upon the property mentioned in the deed from Margaret Browning to secure the sum of $4,000, with interest, and this mortgage was assigned to George A. Wood, who succeeded George Carpenter as trustee under the will. The petition asserts that the question of law upon which the case was decided below was whether Margaret Browning took any estate under the will of William Carpenter, and whether her deed to Amelia E. Gailey, the bankrupt, conveyed any estate to her. The answer to the petition denies that the question decided is purely one of law, but asserts that it is one both of law and of fact; the question of fact arising on the objection below that the bankrupt was required to answer what creditors held security, with their names and the nature of the security, and that in answer thereto the bankrupt answered "None," and that the court below held as a matter of fact that the bankrupt had falsely answered in her schedules with respect to the mortgage to Summers, assigned to Wood; and also held as a matter of fact that it was the duty of the bankrupt to set out and describe all real property owned and held by her in reversion, remainder, or expectancy, or subject to any power or right to dispose of or to charge, or any property held in trust for her, and that in respect thereto she made a false oath by failing so to describe the interest acquired under the deed from her mother. The bankrupt files her petition here to review and revise the order of the bankruptcy court upon the question of law stated to have been ruled by the bankruptcy court that she acquired an interest in the property under the deed from her mother.

S. H. Cummins, for petitioner.

E. L. Chapin, for respondent.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge (after stating the facts as above). A voluntary bankrupt is required by Act July 1, 1898, c. 541, § 7a (8) 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425], to prepare, make oath to, and file with his petition "a schedule of his property, showing the amount and kind of property, the location thereof, its money value in detail, and a list of his creditors, showing their residences, if known, if unknown, that fact to be stated, the amounts due each of them, the consideration thereof, the security held by them, if any." The plain purpose of the law is that one seeking the benefit of a discharge under the act shall turn over to his creditors all his property of every kind and nature, except such as is exempt by law. This is the condition of a discharge from debt. The bankrupt must also give a sworn list of creditors, with the nature and amount of the debt due to each, and the particulars of any

security held by them. The form of the schedules of property prepared by the Supreme Court, and to be annexed to the petition, covers property in reversion, remainder, or expectancy, including property held in trust for the debtor, or subject to any power or right to dispose of or to charge, including a particular statement of property which had been conveyed for the benefit of creditors. The court, supplementing the provisions of the act, has been careful to require that every interest in land held by the debtor and every security held by the creditor shall be stated, to the end that the entire property of the debtor, save such as is exempt by law, shall be subjected to the payment of debts; and that the status of each creditor with respect to his claim shall be exhibited, that there may be an equal and just disposition of the estate. These provisions are not merely formal. They are of the essence of the law, in prevention of fraud, and in aid of equitable division of the estate. The making of a false oath or account in or in relation to any proceeding in bankruptcy is punishable by imprisonment, and is sufficient cause for the refusal of discharge from the indebtedness. It was well observed by Brown, District Judge, in Re John F. Baudouine (D. C.) 96 Fed. 536, 539, that "a discharge in bankruptcy upon any other condition than the complete appropriation of every known asset legally available to creditors would be not only a glaring wrong to creditors, but contrary to every conception of a just system of bankruptcy."

The bankrupt here had received and acted upon the deed from her mother, claiming that it conveyed to her an interest in the land, and mortgaged that interest to secure a certain large debt, warranting to the mortgagee the title to the land. She knowingly failed to schedule any interest in that land, or to schedule the mortgage as securing her note, or to schedule the deed; and this she seeks to justify upon the theory that, as matter of law, the deed to her in fact conveyed no interest. We cannot commend such a course of conduct. Where a bankrupt has received a deed purporting to convey an interest in land, has acted upon it, obtained a large sum of money upon the faith of a mortgage given upon that interest, it is not proper to omit all mention of it when application is made for a discharge from indebtedness, upon the theory that, after all, no interest in lands was conveyed. It is not for the bankrupt to constitute himself the judge, and to foreclose creditors from asserting the efficacy of the deed. The plain duty of the bankrupt is fully to disclose the transaction, both with respect to the deed and to the mortgage by which a creditor was sought to be secured, that the question of law as between creditor and bankrupt and creditor and creditor may be determined by proper proceedings before the court. It is not clear from this record that the court below denied discharge solely upon the ground that the deed conveyed title. It is so asserted by the petition, but denied by the answer. The order or decree refusing the discharge does not clearly declare that such was the sole point of adjudication. We would be justified, we think, in affirming the decree upon this ground alone. But, passing that, and coming to the question principally argued at the bar, we are of opinion that the court below correctly ruled that by the deed in question an interest in the land was conveyed to the bankrupt. The will directed that the estate should descend and be distributed in the manner directed by law, with the single

exception that the portions which would otherwise go to his daughters the testator devised to his son George, in trust "for the sole and separate use of each of my said daughters, respectively, and their heirs, free from any control of the husbands they may now have or may hereafter have, and free and clear from any debt or contract of said husbands; the rents, issues and profits to be paid to my said daughters respectively." This will was construed by the Supreme Court of Illinois in 1881, in Carpenter v. Browning, 98 Ill. 282. It was there construed to create an active trust in the trustee, and the purpose and object of the trust provision of the will are explained by the court in that case as follows:

"When the present will was executed and went into effect the law gave to the husband, in right of his wife, a freehold estate in her lands during the marriage, by virtue of which he was entitled to their exclusive possession and the entire rents and profits thereof. He could sell or otherwise dispose of them as he pleased, without her consent, and they were liable to be taken in execution for his individual debts. This being the state of the law at the time of the execution of the will, it was doubtless the intention of the testator to so dispose of the land as to place it not only beyond the legal control of the husband, but also beyond his power and influence, so far as that could be accomplished. Hence the conveyance was made to the trustee in the manner we have seen."

The object of the trust was thus to place the property beyond the control of Mrs. Browning's husband, and to secure to her the income. It may be true that the legal title to the realty was thus vested in the trustee, and under the technical rule prevailing in Illinois would descend to his heirs; but surely the equitable title would not so descend. The trust was to continue during coverture, or the lifetime of Mrs. Browning, and would end with her death. The equitable title, as we think, vested in her; and while, by the terms of the will, she was restricted from any disposition of the property, except subject to the trust created, the equitable title upon her death would descend to her heirs, and we perceive no reason why, in her lifetime, she could not convey that equitable title, subject to the trust imposed by the will. We are therefore of opinion that the deed from Mrs. Browning to the bankrupt conveyed to the latter an interest in this land subject to that trust, and that the ruling of the court below was correct.

The order or decree refusing discharge is affirmed.