REMMERS v. MERCHANTS'-LACLEDE NAT. BANK OF ST. LOUIS.

(Circuit Court of Appeals, Eighth Circuit. October 9, 1909.)

No. 3,000.

1. BANKRUPTCY (§ 408*)—PROCEEDINGS IN OPPOSITION TO DISCHARGE—SPECIFICATIONS OF OBJECTION.

A specification of objection to the discharge of a bankrupt on the ground that he made a false oath to his schedules is sufficient, where it alleged that such schedules contained no mention of certain stocks, or of any interest therein or claim against any third person on account of the same, but that shortly after the adjudication the bankrupt commenced a suit to recover such stocks from one to whom he alleged that he had pledged the same and claiming to be their owner; and proof of such allegations and of the bankrupt's ownership of the stocks subject to the rights of the alleged pledgee is sufficient to bar his right to a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 733; Dec. Dig. § 408.*]

2. BANKRUPTCY (§ 414*)—PROCEEDINGS IN OPPOSITION TO DISCHARGE—MEASURE OF PROOF.

To justify the denial of a bankrupt's discharge on the ground that he made a false oath to his schedules, the evidence must be of sufficiently clear and convincing character to overcome the presumption of his honesty; but it is not required to be of the high degree necessary to sustain a conviction for perjury.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 722; Dec. Dig. § 414.*]

3. BANKRUPTCY (§ 408*)—GROUNDS FOR REFUSAL OF DISCHARGE—FALSE OATH.

To justify the omission by a bankrupt of property from his schedule on the ground that he acted on advice of counsel, it must be shown that he fully and fairly stated the facts to his counsel, and acted on his opinion on a matter of law only.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 733; Dec. Dig. § 408.*]

Appeal from the District Court of the United States for the Eastern District of Missouri.

In the matter of Harry J. Remmers, bankrupt. On appeal from order refusing discharge. Affirmed.

Benjamin J. Klene, for appellant.
Charles M. Polk, for appellee.

Before SANBORN, Circuit Judge, and CARLAND and POLLOCK, District Judges.

POLLOCK, District Judge. This is an appeal from an order denying the application of appellant, Harry J. Remmers, a bankrupt, a discharge in bankruptcy. The facts are these:

Appellant was duly adjudged a bankrupt in an involuntary proceeding on April 25, 1903. On May 4th thereafter he made oath to his schedules of assets and liabilities, as provided by law, which were duly filed in the proceedings. Thereafter, in due time, the bankrupt filed his petition for discharge. To this petition appellee filed two written specifications of objections, namely: First, that the bankrupt, within four months next preceding the filing of a petition in bank-

ruptcy, had transferred, removed, and concealed some of his property and assets with intent to hinder, delay, or defraud his creditors, specifically setting forth the character of the assets and the time, manner, and form in which such act of the bankrupt was charged to have been committed. The second specification of objection, as amended, reads as follows:

"The undersigned charges, as a further reason why applicant's petition for a discharge should not be granted, that such applicant, on the 5th day of May, 1903, filed in this proceeding the schedules of his assets and liabilities required by law, said schedules being verified by the oath of the applicant as by law required; that said schedules do not contain any mention of 50 shares of the capital stock of the Goesse & Remmers Building & Contracting Company (a corporation), of the par value of $100 per share, or of 29 shares of the capital stock of the Carthage Marble & White Lime Company (a corporation), of the par value of $100 per share, or of any claim or chose in action against any parties with reference to said stock; that thereafter, and on, to wit, the 20th day of February, 1905, said applicant filed a suit to the April term, 1905, of the circuit court of the city of St. Louis, against Frederick J. Remmers, Otto Kulage, Joseph J. Kulage, and College Hill Press Brick Works, said cause being No. 36,269, and being now pending on appeal in the Supreme Court of Missouri, and said applicant alleges in his petition filed in said suit, and in his amended petition subsequently filed therein, that on the 19th day of July, 1902, he was the owner of the above-mentioned stocks, and that on said day and subsequent thereto said defendants conspired to cheat and defraud plaintiff of said stock; that said stock was transferred to defendant Otto Kulage as a pledge or hypothecation to secure the repayment of a loan of $8,000 and future advancements to be made, but that said defendants claimed that said transfer was a sale of said stock, and not a mere pledge thereof; that thereafter, and during the pendency of this proceeding in bankruptcy, a motion was filed by Messrs. Iley & Stewart, John B. Satterfield, and other creditors of applicant, praying that George D. Harris, Esq., trustee in bankruptcy herein, be removed; and that on the taking of testimony in said motion before Hon. Walter D. Coles, special master, on to wit, the 8th and 9th days of February, 1905, said applicant testified upon his oath that at the time of his adjudication in bankruptcy and of his filing said schedules, he was the owner of the above-mentioned stocks, or of some interest in same, or of some chose in action with reference thereto. Wherefore the undersigned charges that at the time of the making of his said inventory and schedules in this proceeding said applicant was the owner of some interest in said shares of stock, or of some chose in action with reference thereto, and that said applicant knowingly and with fraudulent intent made a false oath to his said inventory and schedules, in that he failed therein to make any mention of his ownership of or interest in or to the aforementioned shares of stock, or of some chose in action with reference thereto. Wherefore the undersigned prays that said applicant's petition for a discharge be denied."

To the sufficiency of these specifications of objections the bankrupt interposed no exceptions, but joined issue thereon by filing a general denial thereto. The referee in bankruptcy, as special master, took, read, and considered the proofs on issue so joined, and reported to the court, recommending the petition for discharge be denied on both specifications of objections made. On a hearing before the court on exceptions to this report, the exceptions were overruled, the recommendation of the master followed, and an order entered denying the petition on both grounds of objections made by the bank. From this order the bankrupt appeals.

The ground of error claimed by the bankrupt, in so far as the first specification of objection is concerned, challenges the sufficiency of

the proofs adduced to sustain the order made. A consideration of this branch of the case has compelled an examination of all the proofs found in the record touching the same; but, from the view we have taken of the entire case it becomes unnecessary to express an opinion on this branch. However, as said by Judge Philips (In re Stout [D. C.] 109 Fed. 794):

"It is the recognized rule of the federal courts—and especially in matters of bankruptcy—that on review of the decision of a referee, based upon his conclusions on questions of fact, the court will not reverse his findings. unless the same are so manifestly erroneous as to invoke the sense of justice of the court. In re Waxelbaum (D. C.) 101 Fed. 228. This rule must, of necessity, be observed by the courts, where the findings and conclusions of the referee are based upon conflicting testimony. He sees and hears the witnesses, and his vantage ground is much better than that of the court for determining the credibility of the witnesses and the weight of their testimony."

See, also, In re Noyes Bros., 127 Fed. 286, 62 C. C. A. 218.

Passing, then, to the errors assigned on the ruling of the court sustaining the second specification of objection, it is first insisted this specification is insufficient in form and substance to sustain the order made by the court. For this reason the specification is above set forth in hæc verba. From an examination of the language of this specification, it is seen the verification of the schedule by the bankrupt as required by law is charged. It is further charged 50 shares of the capital stock of the Goesse & Remmers Building & Contracting Company, of the par value of $100 per share, and 29 shares of the capital stock of the Carthage Marble & White Lime Company, of the par value of $100 per share, in which the bankrupt had an interest, were omitted from the schedules. Wherefore it is specifically charged appellant knowingly and with fraudulent intent made a false oath in verifying his schedules, from which all mention of these shares of stock or appellant's interest therein is omitted.

It seems to us this is entirely sufficient. It fully advises appellant of the nature of the charge preferred against his conduct, and informs the court of the precise nature of the issue to be tried. True, in addition to what has been stated, the objection contains statements of the source from which the objector obtained its knowledge, and other evidential facts; but this does not detract from the force of the charge made against the bankrupt's act. It has been held to be error, in specifying objections in opposition to a bankrupt's application for discharge, to merely follow the language of the act. The rule is the facts relied on to prevent a discharge must be pleaded with sufficient certainty of detail as to apprise the bankrupt of the charge he has to meet and to enable the court to understand the issue to be examined and determined by it. In re Matthew McNamara, 2 Am. Bankr. Rep. 566; In re Milgraum (D. C.) 12 Am. Bankr. Rep. 306, 129 Fed. 827; In re Thomas (D. C.) 1 Am. Bankr. Rep. 515, 92 Fed. 912; In re Holman (D. C.) 1 Am. Bankr. Rep. 600, 92 Fed. 512.

Again, as has been seen from the statement made, the bankrupt did not except to the form of this objection for the purpose of testing its sufficiency in law, but joined issue thereon and proceeded to the trial, treating the objection made as sufficient in the trial court.

It is further contended by appellant the charge made, if sufficient in law, was not sustained by the proofs adduced in its support; it being the contention of the bankrupt the charge made must be supported by that high degree of certainty of proof required to support a conviction for the crime of perjury. The case of State v. Hunter, 181 Mo. 338, 80 S. W. 955, is cited as declaring the correct degree of proof required in such case. From an examination of the record it appears beyond controversy the bankrupt had, prior to the institution of the proceedings against him, owned the shares of corporate stock charged in the second specification of objection; that he had pledged these shares to one Otto Kulage by bill of sale to secure the repayment of the sum of $8,000 borrowed money and any further advances, none of which were made; that, subject to the rights of Kulage, he owned these shares at the date he verified his schedules, and in such schedules he neither mentioned such shares nor his interest therein. That he knew of his interest in the shares at the time this verification was made, and believed the value of the shares to be some $40,000 above the amount they were pledged to secure, is shown by his own testimony given on the hearing of an application to remove his trustee in bankruptcy, and from the fact that he thereafter brought his action in the circuit court of the city of St. Louis against Kulage and others, in which he asserted his ownership of the shares, subject to the lien of the pledge at the date he verified his schedules. That his omission to schedule the shares and state his interest therein was not an oversight or unintentional mistake on the part of the bankrupt is attested by the fact that he defended against the adjudication in bankruptcy on the ground that he was not insolvent, admitted indebtedness against himself of some $10,000 or $12,000, claimed assets of only about the same value, and at that time made no mention whatever of his ownership of or interest in the shares. From all of which it must be held the charge made in the second specification of objection, that he knowingly and with fraudulent intent made a false oath in scheduling his assets in violation of the statute, is sustained. In re Breiner (D. C.) 11 Am. Bankr. Rep. 684, 129 Fed. 155; In re Gailey, 11 Am. Bankr. Rep. 539, 127 Fed. 538, 62 C. C. A. 336.

The contention made by appellant that the same high degree of proof is here required to sustain the objection to his discharge on the ground of making a false oath to his schedules that would be required to support a conviction against him on a charge of perjury for such false swearing is not sound. The hearing of the bankrupt's application for a discharge from his unpaid liabilities, on objection made thereto, was in no sense a criminal proceeding, to be followed in the event of his conviction by a forfeiture of either his liberty or property by way of punishment. The sole injurious consequence resulting to the bankrupt on sustaining such objections was to deny him a discharge from further liability of his just debts dischargeable by the law. True, the disclosures made by the proofs on such hearing might reflect injuriously on the conduct of the bankrupt. So might the evidence taken in the trial of any cause or proceeding. The presumption is that men are honest; that their acts were prompted by an honest purpose.

He who charges to the contrary, in order to prevail, must offer such clear and convincing proofs as will overcome this presumption and the proofs offered to refute the charge made, and thus satisfy reasonable minds of the truth of the charge. Troeder v. Lorsch et al., 150 Fed. 710, 80 C. C. A. 376; In re Howden (D. C.) 111 Fed. 723; In re Leslie (D. C.) 9 Am. Bankr. Rep. 565, 119 Fed. 406. This, we think, was done in this case.

Finally, it is contended by appellant his failure to schedule the shares in question and set forth fully and truthfully his interest therein was due to the advice of his counsel. This contention we dismiss from further consideration, for the reason we are not convinced from a reading of the record that appellant fully and frankly disclosed the facts within his knowledge relating to these shares to his counsel at the time or before his schedules were prepared and verified, and received and acted on his opinion as a matter of law, as must be done before the advice of counsel may be pleaded in justification or excuse of the charge made. In re H. D. Berner, 4 Am. Bankr. Rep. 395; In re Breitling, 13 Am. Bankr. Rep. 129, 133 Fed. 146, 66 C. C. A. 212.

By the omission of appellant to schedule the shares of stock in question, property of large value was lost to the trustee as representative of his creditors. That such omission must have been prompted by a desire on the part of appellant to avail himself of the proceeds, to the exclusion of his creditors, from a consideration of the entire case, becomes almost conclusive.

It follows the order of the trial court denying the discharge in bankruptcy prayed on the second amended specification of objection interposed by the bank was right, and must be affirmed.

It is so ordered.