McALPIN, Respondent, v. BAIRD, Appellant.

(166 N. W. 639.)

(File No. 4117.    Opinion filed March 8, 1918.)

**1.   Pleadings—Recovery   for   Debauching   Plaintiff's   Wife—Com-**

plaint—Intent to Deprive Plaintiff of Wife's Society, Necessity
of Pleading.

A complaint in a suit for damages for debauching plaintiff's
wife, which alleges that defendant wrongfully, etc., debauched
and carnally knew plaintiff's wife, thereby alienating and
destroying the wife's affection for plaintiff, that plaintiff was
thereby deprived of the comfort, fellowship, society and assist-
ance of his wife, etc., held, upon demurrer to complaint, that
failure to allege intent on defendant's part to deprive plaintiff
of the society, etc., of his wife, or that it was with such in-
tent that defendant debauched, etc., does not render the plead-
ing insufficient; nor was it bad for failing to negative the
consent, connivance or privity of plaintiff; nor was it necessary
to allege that plaintiff and his wife were living and cohabiting
together at the time in question, or that plaintiff was enjoying
the affection, etc., of his wife; that the allegation that de-
fendant debauched, etc., states a cause of action for damages;
that intent to injure plaintiff is inferred from the wrongful
acts alleged; that if plaintiff and wife were not living to-
gether, such facts could be shown in mitigation of damages;
while if it were true that plaintiff consented to or connived
at the wrongful acts, such actions would constitute a defense.

2. Same—Damages for Debauching Plaintiff's Wife—Complaint,
Misjoinder of Causes—Complaint Construed.

A complaint in a suit for damages for debauching plaintiff's
wife, alleging that defendant wrongfuly, etc.; debauched and
carnally knew plaintiff's wife, and thereby the affection of
the wife for plaintiff was alienated, etc., and plaintiff deprived
of the comfort, etc., of his wife, etc., does not improperly unite
two causes of action; there being but one cause of action
pleaded.

3. Same—Complaint—Misjoinder of Causes—Remedy, Demurrer, or
Motion—Rule Stated.

Where more than one cause of action is pleaded in a com-
plaint, which causes all grow out of the same subject matter,
they may be joined in the same suit; and in such case the
remedy is not by demurrer, but by motion to state the different
causes of action separately.

Appeal from Circuit Court, Brown County. Hon. THOMAS
L. BOUCK, Judge.

Action by John W. McAlphin, against H. M. Baird, to re-
cover damages against defendant for debauching plaintiff's wife.
From an order overruling a demurrer to the complaint, defend-
ant appeals. Affirmed.

L. T. Van Slyke, for Appellant.

No appearance for Respondent.

(1) To point one of the opinion, Appellant cited: Van Olinda v. Hall 34 N. Y. Supp. 777; Reading v. Gazzam 49 Atl. 889; Ash v. Prunier 105 Fed. 722; Childs v. Mucklet 85 N. W. 100; Prettyman v. Williamson 39 Atl. 731; Rea v. Tucker 51 Ill. 110; Morning v. Long 80 N. W. 390.

POLLEY, J. This is an appeal from an order overruling a demurrer. The portion of the complaint that is material on the appeal reads as follows:

"That on the 15th day of May, 1916, and on divers and other days between that time and the commencement of this action, including the 28th day of June, 1916, said defendant wrongfully, wickedly, maliciously, and unjustly debauched and carnally knew one Edna McAlphin, then and there being and still being the wife of plaintiff, and thereby the affection of said Edna McAlphin for plaintiff was alienated and destroyed and the plaintiff has been deprived of the comfort, fellowship, society, and assistance of his said wife in his domestic affairs and has been brought into dishonor and disgrace to his damage," etc.

To this complaint defendant demurred on the grounds, first, that the complaint does not state facts sufficient to constitute a cause of action; and, second, that several causes of action are improperly united.

Appellant contends that the complaint is bad because it does not allege an intent on defendant's part to deprive plaintiff of the society, comfort, and assistance of his wife, or that it was with such intent that defendant debauched plaintiff's wife and alienated her affection from plaintiff, and for the further reason that said complaint fails to negative the consent, connivance, or privity of plaintiff. Defendant further contends that the complaint is bad, because it fails to allege that, at the time of the alleged wrongful acts, plaintiff and his said wife were living and cohabiting together, or that plaintiff was enjoying the affection, love, comfort, society, and assistance of his wife, and further contends that the complaint fails to allege any acts by which the affection of plaintiff's wife was alienated or destroyed.

[1] These contentions are without merit. The allegation that the defendant debauched and carnally knew plaintiff's wife states a cause of action for damages. It is not necessary to allege

an intent on defendant's part to injure the plaintiff. Such intent is inferred from the wrongful acts alleged. If it is a fact that plaintiff and his wife were not living together at the time of the wrongful acts complained of, such fact could be shown in mitigation of damages; or if it were a fact that plaintiff consented to or connived at said wrongful acts, such fact would constitute a defense. The extent of the injury to the husband in such cases depends upon the relations existing between the husband and wife at and prior to the time of the alleged wrongful acts. If the husband is not enjoying the society of his wife at the time of the acts complained of, or if, by his own neglect or misconduct, he has alienated her affection, such acts and circumstances will reduce the amount of damages to which he might otherwise be entitled. Prettyman v. Williamson, 1 Pennewill (Del.) 224, 39 Atl. 731; Bunnell v. Greathead, 49 Barb. (N. Y.) 106. But such facts are matters of defense, to be shown by defendant in mitigation of damages, rather than to be negatived by the plaintiff in his complaint.

[2, 3]   The facts stated in the complaint constitute a cause of action, but there is no merit in the contention that several causes of action are improperly united. In the first place, but one cause of action is pleaded. But, if it were to be held that more than one cause of action is pleaded, they all grow out of the same subject-matter and may be joined in the same action. In such case the remedy is not by demurrer, but by motion to state the different causes of action separately. Just v. Martin, 37 S. D. 470, 159 N. W. 44.

The order appealed from is affirmed.