# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1981

_____

Judson Pins,                                    *
                                                *
    Plaintiff - Appellee,                     *
                                                *  Appeal from the United States
v.                                              *  District Court for the
                                                *  District of South Dakota.
State Farm Fire and Casualty Company,           *
                                                *
    Defendant - Appellant.                    *

_____

Submitted: November 17, 2006
Filed: February 8, 2007

_____

Before LOKEN, Chief Judge, MELLOY, Circuit Judge, and SCHILTZ,[*] District
    Judge.   _____

LOKEN, Chief Judge.

Judson Pins engaged in a sexual affair with the wife of Gery Baar. Baar sued
Pins in a South Dakota state court, asserting claims for alienation of affections,
intentional infliction of emotional distress, and negligent infliction of emotional
distress. Pins tendered the lawsuit to State Farm Fire and Casualty Company,
asserting that State Farm must defend and indemnify Pins under his Personal Liability
Umbrella Policy in effect at the time in question. State Farm declined to defend after
local counsel concluded that the policy did not cover Baar's claims. Pins hired his

_____

[*]The HONORABLE PATRICK J. SCHILTZ, United States District Judge for
the District of Minnesota, sitting by designation.

own attorney, settled with Baar, and commenced this damage action against State Farm for breach of its contractual duty to defend, bad faith, and declaratory relief. State Farm removed, invoking the district court's diversity jurisdiction.

Applying South Dakota law, as do we, the district court granted partial summary judgment in favor of Pins, concluding that State Farm had a duty to defend Baar's alienation of affections claim because "it is possible, indeed likely, that Pins did not intend to break up Baar's marriage by having sexual relations with Baar's wife." Pins v. State Farm Fire & Cas. Co., 361 F. Supp. 2d 1053, 1061 (D.S.D. 2005). State Farm appealed that ruling following resolution of all other issues and entry of final judgment in favor of Pins. We reverse.

Only State Farm's duty to defend Pins against Baar's alienation of affections claim is at issue on this appeal.[1] Under South Dakota law, a liability insurer's duty to defend extends to any third party claim that arguably falls within the policy's coverages. Thus, insurers are often required to defend lawsuits when they may well have no duty to indemnify the insured for a covered loss at the end of the litigation. When disputed, the issue whether the insured has a duty to defend is determined from the face of the third party's complaint "and where appropriate, other evidence of record." North Star Mut. Ins. Co. v. Kneen, 484 N.W.2d 908, 912 (S.D. 1992).

The policy obligated State Farm to defend Pins against legal liability for a "loss," which the policy defined as "an accident . . . which results in bodily injury." The policy specifically excluded injuries "expected or intended by" Pins. Baar's complaint alleged that Pins intentionally "sought to . . . deprive [Baar] of the comfort,

---

[1]The district court concluded that State Farm had no duty to defend Baar's claims of intentional and negligent infliction of emotional distress because those claims are "unavailable as a matter of public policy" in South Dakota when "predicated on conduct which leads to the dissolution of a marriage." 361 F. Supp. 2d at 1061-62. Pins did not cross appeal those rulings.

society, aid, consortium, fellowship, company, happiness and support of Ms. Baar by seducing Ms. Baar, entering into a sexual relationship with her, and alienating her affections from [Baar]." State Farm concedes that this alleged a "bodily injury" within the meaning of the policy. However, State Farm argues, this bodily injury did not result from an "accident," and the exclusion for "expected or intended" injuries applies. The parties and the district court agree that, in this case, these two issues are analytically similar.

Under South Dakota law, "public policy prohibits extending insurance coverage to an individual who intentionally harms others." State Farm Mut. Auto. Ins. Co. v. Wertz, 540 N.W.2d 636, 640 (S.D. 1995). Therefore, liability coverages do not extend to injuries that were the intended or expected consequences of the insured's intentional acts. See Klatt v. Continental Ins. Co., 409 N.W.2d 366, 370 & n.4 (S.D. 1987). However, in recent years, opinions in badly-divided decisions of the Supreme Court of South Dakota have declared that there may be a duty to defend when an intentional tort results in an unintended injury, such as when a punch in the face results in a broken ankle. See the various opinions in Stoebner v. S.D. Farm Bureau Mut. Ins. Co., 598 N.W.2d 557 (S.D. 1999), Wertz, 540 N.W.2d 636, and Tri-State Ins. Co. of Minn. v. Bollinger, 476 N.W.2d 697 (S.D. 1991). The district court applied this principle and concluded that State Farm had a duty to defend because Pins could have been found liable for alienation of affections even if he did not intend to break up Baar's marriage. We are less confident than the district court that a majority of the Supreme Court of South Dakota has adopted the principle. But in any event, we conclude that it does not apply to claims of alienation of affections.

The Supreme Court of South Dakota has not considered whether the injury caused by an alienation of affections is an accidental loss covered or arguably covered by a liability insurance policy such as State Farm's. A separate opinion in Pankratz v. Miller urged that the tort not be abrogated simply because of "the absence of the deep pockets of an insurance carrier." 401 N.W.2d 543, 551 (S.D. 1987) (Morgan,

J., concurring). That is at least a signal as to how the Court would resolve this issue. But it is not controlling, so we must take a closer look at the Court's alienation of affections decisions.

"Alienation of affections is an intentional tort." Veeder v. Kennedy, 589 N.W.2d 610, 620 (S.D. 1999). Acknowledging that, the district court construed recent South Dakota cases as holding that an alienation of affections plaintiff need only prove intentional wrongful conduct, not intent to injure the aggrieved plaintiff, to recover damages. 61 F. Supp. 2d at 1060. We disagree. Ever since a bare majority of the Supreme Court of South Dakota declined to abolish this tort in Hunt v. Hunt, 309 N.W.2d 818 (1981), intent to injure the marital relationship, not just wrongful sexual conduct, has been an essential element of the tort. "The acts which lead to the loss of affection must be wrongful and intentional, calculated to entice the affections of one spouse away from the other." Pankratz v. Miller, 401 N.W.2d 543, 549 (S.D. 1987), quoted by this court in Jones v. Swanson, 341 F.3d 723, 732 (8th Cir. 2003); accord Pickering v. Pickering, 434 N.W.2d 758, 763 (S.D. 1989) ("defendant's actions must have been calculated from the outset to entice the affections of one spouse away from the other"). "Not only must the actor have caused a diminution of one spouse's affection for the other by acts, but the acts must have been done for the very purpose of accomplishing this result." Veeder, 589 N.W.2d at 619 & n.14.[2]

The district court also misconstrued South Dakota law in concluding that State Farm had a duty to defend because Pins might not have intended to break up Baar's marriage. "[I]t is not essential to [an alienation of affections] cause of action that the wife be caused to leave the home of her husband." Roberts v. Jacobs, 156 N.W. 589,

---

[2]The Court had defined the elements of this tort quite differently in earlier decisions. "The allegation that the defendant debauched and carnally knew plaintiff's wife states a cause of action for damages. It is not necessary to allege an intent on defendant's part to injure the plaintiff." McAlpin v. Baird, 166 N.W. 639, 640 (S.D. 1918). The more recent decisions are of course controlling in this diversity action.

-4-

590 (S.D. 1916). "The gist of an action for alienation of affections is the loss of consortium consisting of society, companionship, conjugal affections, and fellowship." Holmstrom v. Wall, 268 N.W. 423, 424 (S.D. 1936). "A loss or impairment of any such elements will sustain an action for alienation of affections. Abandonment of the plaintiff by his or her spouse is not essential to recovery." Morey v. Keller, 85 N.W. 2d 57, 58 (S.D. 1957).

Thus, the comfort and consortium injuries alleged by Baar were sufficient to state a claim for alienation of affections, and under South Dakota law, Baar could not recover on this claim unless he proved that Pins intended to cause *those specific injuries*. In these circumstances, any "loss" to Baar was "expected or intended" by Pins and could not be deemed an "accident." Therefore, State Farm had no contractual duty to defend. Even if the opinions positing a duty to defend claims of unintended injuries that result from intentional torts reflect present South Dakota law, that principle does not apply to claims of intentional alienation of affections.

Pins argues that State Farm had a duty to defend because whether he intended to injure Baar cannot be determined as a matter of law on this record. That is the coverage analysis the Supreme Court of South Dakota conducted in a child molestation case, American Family Mut. Ins. Co. v. Purdy, 483 N.W.2d 197, 201 (S.D. 1992). But in Purdy, the gravamen of the third party's claim was negligence. The insurer had a duty to defend that negligence claim, unless the injury fell within the "expected or intended" exclusion as a matter of law. Here, on the other hand, the third party claim is for loss caused by an intentional tort. If the alleged injury was intended, there is no coverage. As we have explained, if the alleged injury was not intended, the third party may not recover for alienation of affections. Thus, no accidental loss was even arguably possible, and State Farm had no duty to defend.

The judgment of the district court is reversed, and the case is remanded with directions to dismiss Pins's complaint. We grant the motions to take judicial notice of unpublished state court proceedings and orders.

_____