FRED S. CORRICK, Appellant, v. JONAS DUNHAM and GERTRUDE DUNHAM, Appellees.

**Husband and wife:** ALIENATION OF AFFECTION: MALICE: EVIDENCE. A presumption of malice sufficient to support an action for alienation of affection does not arise from a mere showing, as in this case, that defendants were sorrowful and indignant and manifested ill will towards plaintiff when they learned of the fact that he had secretly married their daughter.

*Appeal from Tama District Court.*—HON. C. B. BRADSHAW, Judge.

THURSDAY, MAY 5, 1910.

THIS is an action for damages for alienation of affection of plaintiff's wife. There was a directed verdict for the defendants, and plaintiff appeals.—*Affirmed.*

*C. E. Walters,* for appellant.

*C. H. Van Law,* for appellees.

EVANS, J.—The defendants are the father and mother of the plaintiff's wife. Since 1905 the plaintiff had been the hired man of the defendants. He was forty-seven years of age. In December, 1907, he secretly married the young daughter of the defendants; the ceremony being performed in another county and without the knowledge of the parents. Some weeks after the marriage, the plaintiff left the home of the defendants and left his wife there, and, while absent therefrom, wrote a letter to the defendants, advising them of the fact of his marriage to their daughter. A few days later he returned to the nearby town and hired a livery man to take him to the defendants' home, where he arrived in the evening. His story is that, "when we got to the house, we drove in the driveway by the house and I hollered, 'Hello.'" This call brought Mrs. Dunham to the door, and she greeted the plaintiff in terms which were the converse of affectionate, and ordered him to leave the place, which he did. His claim now is that he has lost the affection of his wife through the machinations and the malice of her parents, and he asks $10,000 as damages therefor. At the close of the testimony in his behalf, the trial court directed a verdict against him. His claim is that he had sufficient evidence to go to the jury, and that is the controlling question for our consideration.

The plaintiff called his wife as a witness in his behalf. Her undisputed testimony is sufficient to sustain the action of the court. It is the contention of plaintiff that his testimony showed harsh conduct and ill will towards him on the part of the defendants, and that such conduct was sufficient show of malice, and that the jury would have been warranted in finding from the circum-

stances shown that defendants had been guilty of alienating the affections of his wife. The mere fact that the defendants manifested ill will toward the plaintiff would not justify sufficient inference by the jury to make a case for the plaintiff. The plaintiff was a man without means and without a home. According to his wife's story, he had lied to her and had abused her, and had told her he was going to leave her when he went away, and that she would be a "grass widow." That the parents should be sorrowful and indignant when they learned the facts through plaintiffs' letter and from their daughter raised no presumption of malice against them. They drank a bitter cup, and they were not bound to affect that it was otherwise. They properly extended to their daughter the protection of the parental home, and no evil presumption was raised against them by reason of such asylum. The law does not disregard or make light of parental affection, and its first presumption is that such affection will seek the best interests of the child, whether married or unmarried. Were it otherwise, cruel husbands of young wives might too easily reap pecuniary profit out of their harsh conduct when resented by parental affection. The marriage relation is not to be too easily converted into a money asset lest such prospective asset become a lure, and conjugal affection be too willingly lost at a profit. There is a way to win and hold the affection of a wife by affectionate conduct, and parental love or interference has not usually been a very successful obstacle to such method. The law does not aim to dispense with such winning and affectionate way on the part of the husband, nor does it guarantee to him wifely affection in the absence of it. Nor does it offer him any insurance for the loss of such affection by unworthy conduct on his own part.

For authorities on the question of presumption and tender regard of the law for parental affection, see *White*

*v. Ross,* 47 Mich. 172 (10 N. W. 188); *Brown v. Brown,* 124 N. C. 19 (32 S. E. 320, 70 Am. St. Rep. 574); *Hutcheson v. Peck,* 5 Johns. (N. Y.) 196; *Reed v. Reed,* 6 Ind. App. 317 (33 N. E. 638, 51 Am. St. Rep. 310).

We have read the evidence in this case with care, and find it clearly insufficient to have warranted a verdict for the plaintiff. The trial court properly directed a verdict for the defendants, and its order is *affirmed.*