MONEN, Respondent, v. MONEN, et al, Appellants.

(269 N. W. 85.)

(File No. 7915. Opinion filed October 5, 1936.)

582

*Diamond & Jory,* of Sheldon, Iowa, and *Bailey & Voorhees,* of Sioux Falls, for Appellants.

*John C. Mundt* and *T. R. Johnson,* both of Sioux Falls, for Respondent.

CAMPBELL, J.  Defendant O. T. Monen is a farmer, 74 years of age, residing near Inwood, Iowa, and defendant Gurine Monen is his wife, aged about 76.  In 1928 plaintiff, then aged 17, married a son of the defendants, then aged 23.  Of this marriage there were two children, both boys, one born in February, 1929, and one in February, 1931.  In 1934 plaintiff and her husband separated after a series of marital difficulties that had persisted more or less continuously since very shortly after their marriage.  In April, 1935, plaintiff instituted the present action against the defendants, charging them with having alienated the affections of her husband, whereby her marriage was destroyed to her damage in the sum of $35,000.  Defendants moved for directed verdict at the close of all the testimony, which motion was denied, and the jury found for plaintiff, awarding her $12,430.96.  Defendants thereupon moved for judgment n. o. v., which motion was denied, and then moved for new trial, which motion was also denied.  From judgment entered pursuant to the verdict of the jury and from denial of their application for new trial defendants have now appealed to this court.

Before coming to the merits of the cause a preliminary matter requires attention.  Respondent, pursuant to order to show cause, has moved in this court for the dismissal of the appeal upon the ground that the abstract of the record as contained in appellants' brief does not contain all the material evidence and that the appellants have knowingly and willfully so prepared their brief that the same contains an unfair and incomplete statement of those portions of the settled record necessary to a proper consideration of the assignments of error contained in the brief and that the appellants have willfully disregarded the spirit of the rules of this court in the preparation of said brief.  The testimony upon the trial was voluminous.  Appellants assign, among other errors, the insufficiency of the evidence to support the verdict and affirmatively state that their brief contains a statement of all the material evidence upon the trial.  Respondent, deeming the statement of the settled record as contained in appellants' brief to be imperfect or unfair, has inserted in her brief some hundred and twenty-four pages of further and additional statement (Supreme Court Rule 6).  Appellants in their reply brief maintain that the changes and additions set forth in respondent's brief are merely repetitive and

add nothing to the completeness or accuracy of the abstract of record appearing in appellants' brief, and they have caused the clerk of the trial court to forward the settled record to this court (Supreme Court Rule 7).

In the first place, by Supreme Court Rule 3, willfully presenting an unfair or incomplete statement of the settled record in a brief or willfully disregarding the spirit of the court rules in the preparation of a brief is not made ground for dismissal of the appeal, but is ground for rejecting the brief in whole or in part, or refusing to tax costs for the preparation of the same, or both, in the discretion of the court. In the second place, an examination of the settled record convinces us that the abstract of appellants is neither unfair nor incomplete, and we fail to find that appellants have disregarded, either knowingly, willfully, or otherwise, the rules of this court or the spirit of such rules. We find no grounds whatever to support the motion to dismiss the appeal, and it will therefore be denied.

Turning now to the merits, appellants, upon proper record and by sufficient assignments of error, complain of the rulings of the trial court in rejecting certain evidence offered by appellants; in admitting over appellants' objections certain testimony introduced by respondent; in giving certain instructions; and in refusing certain instructions requested by appellants. Appellants also complain that the court erred in failing, on motion of appellants, to require respondent to furnish security for costs and complain that the jury awarded excessive damages by reason of passion and prejudice. We are of the opinion that some of the rulings of the trial court relating to admission of evidence and some of the rulings relating to requested instructions exhibit prejudicial error. Appellants further assign error, however, that the evidence is entirely insufficient to support the verdict, and the view we take upon this claim of error is decisive of the case and renders it unnecessary to consider in detail or pass specifically upon the other assignments.

The law with reference to alienation of affections is quite well settled and exhibits but few phases concerning which the authorities are in any degree conflicting. The gist of the action is malicious interference with the marriage relationship.

When the suit is by one spouse against the parents of the other (or against persons standing to such other in loco parentis), we have a situation which is markedly different from that where the action is against a stranger or unrelated third person. The law recognizes, respects, and protects not only the marital relation, but likewise that of parent and child; and the relation of parent and child does not cease to exist, nor does the parent become in the eyes of the law a stranger merely by reason of the marriage of the child. Notwithstanding the marriage of the child, parents may and do and should continue to take an interest in the welfare of such child. As stated by a comparatively recent commentator (15 Va. Law Rev. 94): "As a general rule, parents may advise their married children as to their marital relations without incurring liability, if the advice is given in good faith, even though the advice culminates in the estrangement of husband and wife. Ickes v. Ickes, 237 Pa. St. 582, 85 A. 885 [44 L. R. A. (N. S.) 1118] (1912); Multer v. Knibbs, 193 Mass. 556, 79 N. E. 762 [9 L. R. A. (N. S.) 322, 9 Ann. Cas. 958] (1907). But where the advice that succeeds in estranging a husband and wife is malicious, the advisors are liable in damages to the plaintiff. Malice in such a case means the intentional doing of a wrongful act without just cause or excuse. Nelson v. Nelson, 296 F. 369 (C. C. A. 2d, 1924); Fronk v. Fronk, 159 Mo. App. 543, 141 S. W. 692 (1911)." Every presumption is that parents act in good faith and under the influence of natural affection and for what they believe to be the real good of the child. If a plaintiff would recover damages from parents for alienating the affections of their married child, such plaintiff must assume the burden of overcoming such presumption by clear and convincing evidence. The burden of proof is perhaps heavier in this type of action than in some other civil actions. See Cramer v. Cramer (1919) 106 Wash. 681, 180 P. 915. While the law is solicitous to preserve the marital relationship, yet it is equally true, as stated by the Supreme Court of Iowa (Busenbark v. Busenbark (1911) 150 Iowa 7, 129 N. W. 332, 334,) that "the law is tender of the parental relationship. The parent has the liberty of extreme solicitude for the welfare of the child even after marriage, and may advise freely and frequently and even foolishly. His good faith will be presumed until the contrary is made to appear. Corrick v. Dunham, 147 Iowa 320,

126 N. W. 150; Heisler v. Heisler (Iowa) 127 N. W. 823, and authorities cited therein." The parents are clothed always with this presumption of good faith, and such presumption remains and abides with them with reference to any statements or acts which the jury may believe the parents made or performed even though the parents have denied the making of such statements or doing of such acts. Knapp v. Knapp (Mo. Sup. 1916) 183 S. W. 576. To justify a recovery in this case respondent must have established, first, that there was an alienation of her husband's affections; second, that such alienation was proximately caused by the conduct of her husband's parents; and, third, that the acts of the parents causing such alienation were done with the willful and malicious intent of injuring the respondent and not out of that reasonable parental concern and solicitude for their child which the law presumes all parents to exhibit. The law is clearly stated in the decision of this court in Spiry v. Spiry (1924) 47 S. D. 500, 199 N. W. 778. See, also, Krenkle v. Selleck (1928) 126 Kan. 531, 268 P. 807; McCollister v. McCollister (1927) 126 Me. 318, 138 A. 472; Shalit v. Shalit (1927) 126 Me. 291, 138 A. 70; Miller v. Miller (1933) 165 Md. 425, 169 A. 426; Oyler v. Fenner (1933) 263 Mich. 119, 248 N. W. 567; Williamson v. Williamson (1930) 120 Neb. 40, 231 N. W. 506; Kadow v. Kadow (1928) 195 Wis. 650, 219 N. W. 275; Worth v. Worth (1935) 48 Wyo. 441, 49 P. (2d) 649, 103 A. L. R. 107.

█ We have examined the evidence in this case with care. To undertake to review it or set it forth here in detail would be quite pointless. It was some six years from the marriage of respondent and her husband until their separation. The evidence with reference to statements and acts of appellants during that six-year period is extremely meager and limited to very few occasions and instances. It is possible that appellants were sometimes unwise, indiscreet, or indelicate, but we find nothing in this record which can be deemed to rise to the dignity of proof that anything said or done by appellants in fact alienated the affections of their son from the respondent. Much less do we find in the record anything which could be deemed to give rise to any inference of malice or to overcome the legal presumption that appellants in whatever they said or did acted in good faith. We think it was error to send this case to the jury.

The judgment and order appealed from are therefore reversed, and the cause remanded, with directions for entry of judgment in favor of appellants pursuant to their motion below for judgment n. o. v.

ROBERTS and RUDOLPH, JJ., concur.

POLLEY, P. J., and WARREN, J., dissent.