PEARSALL, Appellant v. COLGAN, Respondent

(76 N.W.2d 620)

(File No. 9531. Opinion filed May 1, 1956)

**G. F. Johnson,** Gregory, for Appellant.

**Charles R. Hayes,** Deadwood, **H. F. Fellows,** Rapid City, for Respondent.

SICKEL, J.   Robert A. Pearsall, the plaintiff, of Wood, South Dakota, married Ione Hix, of White River, South Dakota, on October 4, 1951 after a courtship lasting three years.   Plaintiff was inducted into the military service on October 11, 1951 and began his course of training at that

time. He was granted a ten-day furlough at Christmas time, and spent it with his wife at the house of her parents. Another furlough of seventeen days was granted to him in March 1952 during which time plaintiff and his wife lived together as before, and were very happy. Plaintiff was sent to Korea in April 1952 and served with the Ninth Corps Engineer Combat Battalion on the Central Front for almost eleven months. Upon his return home September 24, 1953 he was met by his parents at Wood, and then went to White River to see his wife. She invited him into the house and asked him to see her baby. She held it on her lap and said it didn't make any difference whose baby it was; that she was going to get a divorce. The date of the child's birth and the absence of the plaintiff shows conclusively that the plaintiff is not the father of her child.

Plaintiff observed at that time that his wife had lost all of her former affection for him and he later commenced this action against John Colgan, defendant, to recover damages on the grounds (1) alienation of affection of plaintiff's wife; and (2) criminal conversation. The action was tried to a jury and resulted in a directed verdict in favor of defendant. Judgment was entered upon the verdict and plaintiff appealed.

It is appellant's contention that the evidence is sufficient to justify a verdict in favor of plaintiff, and that therefore the court erred in directing a verdict for defendant.

In the case of Roberts v. Jacobs, 37 S.D. 27, 156 N.W. 589, 590, this court quoted Cooley on Torts as follows: " 'The action for seducing the wife away from the husband is by no means confined to the case of improper and adulterous relations; but it extends to all cases of wrongful interference in the family affairs of others whereby the wife is induced to leave the husband, or to so conduct herself that the comfort of the married life is destroyed.' "

The question was again presented to this court in Monen v. Monen, 64 S.D. 581, 269 N.W. 85, 87, 108 A.L.R. 404, where it was said that "The gist of the action is malicious interference with the marriage relationship. * * * Malice in such a case means the intentional doing of a wrongful

act without just cause or excuse". It is essential that "loss of consortium consisting of society, companionship, conjugal affections, and fellowship" be shown. Holmstrom v. Wall, 64 S.D. 467, 268 N.W. 423, 424.

In determining the question of the sufficiency of the evidence to justify submission to the jury of a case based on alienation of affection three elements are essential:

"1.   Wrongful conduct of the defendant;

"2.   loss of affection or consortium; and

"3.   a causal connection between such conduct and loss".   27 Am.Jur. 127, § 523.

■■   It also appears to be the general rule that actual intent to alienate the affections of the spouse of another need not necessarily be shown if defendant's conduct is inherently wrong and tends to, and does, have that effect.   In other words every person is presumed to intend the consequences of his own voluntary acts.   42 C.J.S., Husband and Wife, § 662, p. 317.

■   So far as evidence of criminal conversation is concerned, it can be considered in aggravation of damages in the cause based on alienation of affections.   Rank v. Kuhn, 236 Iowa 854, 20 N.W.2d 72.

■   The question of submitting this case to the jury did not depend specifically upon proof of adulterous relations between defendant and plaintiff's wife, but rather upon proof of a course of conduct amounting to wrongful interference with the marriage relationship between plaintiff and his wife, resulting in the loss of consortium.   Holmstrom v. Wall, supra.   It is the general rule that "In determining whether or not the evidence on behalf of the plaintiff was sufficient to warrant submission to the jury, plaintiff is entitled to have every controverted fact resolved in his favor and to have the benefit of all reasonable inferences that can be deducted from the facts in evidence.   The test is whether there is any substantial credible evidence viewed in the light most favorable to plaintiff which tends to sustain the verdict. Hansen v. Isaak, 70 S.D. 529, 19 N.W.2d 521; Will v. Marquette, 73 S.D. 192, 40 N.W.2d 396".   Flanagan v. Slattery, 74 S.D. 92, 49 N.W.2d 27, 29.

It appears from the evidence that the marriage of plaintiff to Ione Hix was founded on mutual affection; that this relationship continued after their marriage during plaintiff's absence in military service and until the summer of 1952; that from then on the wife's affection for plaintiff diminished, until it was lost to him entirely. When plaintiff returned from Korea September 24, 1953 and went to White River to see his wife she presented her baby, born May 5, 1953 admittedly not plaintiff's child, and she then told plaintiff that she was getting a divorce. Plaintiff's loss of affection and consortium is undisputed. Neither is it contended that any act or fault of plaintiff contributed to the estrangement of his wife. To justify a recovery by plaintiff in this action the evidence must be sufficient to show that the wife was induced to abandon the husband by some active and direct interference on the part of defendant. Berger v. Levy, 5 Cal.App. 554, 43 P.2d 610, 613. It must also appear that defendant was the active or aggressive party. Wilson v. Bryant, 167 Tenn. 107, 67 S.W.2d 133.

According to the evidence defendant's interest in plaintiff's wife started in 1952. The witness Clellan Bechtold, a brother-in-law of Mr. Pearsall, was an employee of defendant. In the summer of 1952 defendant saw plaintiff's wife in a cafe in White River. When she came out the door defendant asked this witness who she was. About a month later defendant asked this witness "What kind of a girl Onie was, whether she was the kind that would run around". In the summer of 1952 defendant took plaintiff's wife and another girl to Valentine to see this witness. Later defendant took plaintiff's wife and two other couples to a dance at Murdo and returned at 2:30 or 3 o'clock in the morning. Defendant also took her to dances and parties at Mission, hunting on several occasions, to the Corn Palace at Mitchell. Defendant also permitted plaintiff's wife and her family to use his car. He spent much of his time in her apartment with or without other companions. They exchanged gifts at Christmas time and defendant made the statement that plaintiff's wife was a better party girl than his own wife.

In the fall of 1952 defendant knew that plaintiff's wife

was pregnant. He knew this from his own observation. He knew she was going to the West Coast with her brother. It was there that the child was born.

This was no platonic relationship. Defendant's association with plaintiff's wife was frequent and intimate from the time he first met her, and his interest in her child was unique considering the fact that the child could not have been legitimate. So far as the record shows plaintiff's wife was never seen in the company of any other male escort or companion after defendant met her.

No attempt has been made here to state all the evidence in detail. However, it is the opinion of the court that the facts to which we have referred were sufficient to justify the submission of the case to the jury on the question of alienation of affections. We express no opinion on the sufficiency of the evidence to sustain the cause of action for criminal conversation for the reason that evidence relating to that cause of action is admissible in the alienation of affections action, to be considered in aggravation of damages. Whether such evidence will support the separate cause for criminal conversation can be determined when and if the case is retried.

The order of the circuit court directing a verdict in favor of defendant is reversed.

All the Judges concur.