# MOREY, Respondent v. KELLER, Appellant

## (85 N.W.2d 57)

(File No. 9630. Opinion filed September 28, 1957)

**Cope & Cope,** Yankton, for Defendant and Appellant.

**Doyle & Doyle,** Yankton, for Plaintiff and Respondent.

ROBERTS, J. Gilbert Morey brought this action against George Keller to recover damages for the alienation of the affections of his wife.

The complaint alleges, in effect, that while plaintiff and his wife, Irene, were living happily together as husband and wife, the defendant, with knowledge of such marital relationship, on a number of occasions while plaintiff was employed by defendant as a truck driver and during the absence of the plaintiff on long trips without the state sought the companionship of plaintiff's wife and induced her by words of endearment, use of liquor and other means to submit to his advances; that as a result of such wrongful conduct on the part of the defendant the affections of plaintiff's wife for him were alienated; and that plaintiff has been deprived of the society and consortium of his wife. It is further alleged that defendant has large financial means and assuring plaintiff's wife that she would be well provided for sought to induce her to divorce the plaintiff. The defendant answered by general denial. The jury returned a verdict for $5,000 compensatory, and $1,750 exemplary, damages. Defendant appeals.

The principal ground urged for reversal is that the evidence did not justify submission of the case to the jury and that there was error in refusal of motion for directed verdict and in denying defendant's motion for new trial. In his challenge to the sufficiency of the evidence, defendant contends that there is no evidence that there was in fact a loss or diminution of the affections of the wife for the

plaintiff or that the conduct of the defendant was the controlling cause of any enticement or alienation.

■ The essential elements of a cause of action for alienation of affections are: (1) wrongful conduct of the defendant; (2) loss of affection or consortium; and (3) a causal connection between such conduct and loss. Pearsall v. Colgan, 76 S.D. 241, 76 N.W.2d 620. In Monen v. Monen, 64 S.D. 581, 269 N.W. 85, 87, 108 A.L.R. 404, it is said that the "gist of the action is malicious interference with the marriage relationship." In Holmstrom v. Wall, 64 S.D. 467, 268 N.W. 423, we said that the loss of consortium is the actionable consequence of an action for alienation of affections.

■ Consortium is a right growing out of the marital relationship. This term includes the right of either spouse to the society, companionship, conjugal affections and assistance of the other. Roberts v. Jacobs, 37 S.D. 27, 156 N.W. 589; Holmstrom v. Wall, supra. A loss or impairment of any such elements will sustain an action for alienation of affections.

■ Abandonment of the plaintiff by his or her spouse is not essential to recovery. As said in Foot v. Card, 58 Conn. 1, 18 A. 1027, 1029, 6 L.R.A. 829, "It is not a prerequisite to the right of the plaintiff to maintain this suit in her own name that she should have been abandoned by her husband in the literal sense, nor that she should have actually separated herself from him by or without a decree of divorce. If she has suffered the wrong complained of, her right to redress is absolute. It cannot be made to depend upon any of these conditions. As long as she keeps her marriage contract, so long she has the right to the conjugal society and affection of her husband. Possibly, she may regain these. This possibility is her valuable right. The defendant may not demand that she shall sacrifice it for the future, as the price of redress for injuries in the past. Upon the pleadings, there is a valuable right in the wife solely, and an injury thereto, for which damages must be given to her solely, notwithstanding the fact that she is living with her husband; therefore the law cannot refuse its assistance. The rules

of law which the defendant invokes for her protection are not applicable to the case."

See also Tice v. Mandel, N.D., 76 N.W.2d 124; Burke v. Johnson, 274 Ky. 405, 118 S.W.2d 731; Farrow v. Roderique, Mo. App., 224 S.W.2d 630; Hosford v. Hosford, 58 Ga.App. 188, 198 S.E. 289; Annotations in L.R.A. 1916E, 1091, and 19 A.L.R.2d 471.

It is contended that the following language in Pearsall v. Colgan, supra [76 S.D. 241, 76 N.W.2d 622] indicates a contrary holding: "To justify a recovery by plaintiff in this action the evidence must be sufficient to show that the wife was induced to abandon the husband by some active and direct interference on the part of defendant". The court was not considering whether abandonment was essential to the right of recovery. Evidence introduced in behalf of the plaintiff showed an abandonment by the wife of her husband, and it was conceded that the husband had lost the affections of his wife. It was pointed out that this was not sufficient to entitle the husband to recover, but it must be further established that defendant was the one who brought about the separation. Under the pleadings and the evidence the question whether or not wrongful deprivation of consortium might in some instances be sustained even though the wife had not been enticed to abandon her husband was not presented.

Plaintiff and his wife, Irene, were married in December, 1954, and after her graduation from high school the following June, they moved to Yankton. Plaintiff was employed by defendant as a truck driver and in the course of his empoyment was away from home for extended periods. The wife testified to her indiscretions with defendant on four different occasions. It is not necessary to detail the evidence as to these episodes. It is sufficient to state that defendant admitted that he had been with plaintiff's wife on these occasions and that he had manifested affection for her and had taken improper liberties with her person. If it be conceded as appellant contends that the wife was a willing participant in the wrongful association, the evidence would not warrant the conclusion that she was the pursuer and not the pursued.

 Defendant in his challenge to the sufficiency of the evidence contends that there is no evidence that the wife of the plaintiff so conducted herself that the marriage was affected; that in the absence of criminal conversation loss of consortium cannot be implied. Plaintiff testified that after the events here involved they "left each other"; that he went to Tracy, Minnesota, and his wife returned to Vermillion; that they "just couldn't get along with each other"; that she "was hysterical" and he "couldn't reason with her"; and that not until November when he learned that his wife was expecting a child in May did he return to her in Vermillion and there obtained employment. It is no defense as we have indicated that the wife was not induced to abandon her husband. The gist of the action is the wrongful interference with the marriage relationship and to be held liable it is not necessary that there be more than a partial loss of the wife's affections. Prosser on Torts, § 102; Fratini v. Caslini, 66 Vt. 273, 29 A. 252; Burke v. Johnson, 274 Ky. 405, 118 S.W.2d 731. As this court has said, the willingness of the husband to continue marital relations does not relieve defendant of damages for his wrongful conduct. Roberts v. Jacobs, supra. The case was tried and submitted to the jury on the theory of wrongful interference with the family relationship. We think that the evidence was sufficient to present the jury question as to whether there was injury to pliantiff's marital rights.

"The plaintiff in an action for alienation of affections may recover for all direct and proximate losses occasioned by the tort, including loss of love and consortium, and he or she may recover for any physical pain, mental agony, lacerated feelings, wounded sensibilities, humiliation, blow to honor, hurt to family life, suspicion cast on offspring, etc." 27 Am.Jur., Husband and wife, § 543.

 Defendant contends that the damages awarded were so excessive as to indicate passion and prejudice. A verdict will not be disturbed on appeal unless the damages are so excessive "as to strike mankind, at first blush, as being, beyond all measure, unreasonable and outrageous,

and such as manifestly show the jury to have been actuated by passion, partiality, prejudice or corruption". SDC 33.1605(5); Tufty v. Sioux Transit Co., 70 S.D. 352, 17 N.W.2d 700, 702. The courts recognize the impossibility of formulating a definite rule whereby the loss of affection or consortium in money can be determined and the jury must be allowed a wide latitude. 27 Am.Jur., Husband and Wife, § 543. There is no indication that the verdict resulted from passion and prejudice.

The judgment appealed from is affirmed.

SMITH, P. J., and RENTTO and HANSON, JJ., concur.