**Dolores NAVARRE, Plaintiff,**

v.

**WISCONSIN BARGE LINE, INC., Defendant.**

**No. 80–5244.**

United States District Court, S. D. Illinois.

Nov. 24, 1980.

Sandor Korein, Cohn, Carr, Korein, Kunin, Schlichter & Brennan, E. St. Louis, Ill., for plaintiff.

Theodore J. Williams, Jr., Thompson & Mitchell, East St. Louis, Ill., for defendant.

## MEMORANDUM ORDER

BEATTY, District Judge.

This matter comes before the Court on the motion of Defendant, Wisconsin Barge Line, Inc., pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking an order granting it summary judgment with respect to the asserted cause of action of Plaintiff, Dolores Navarre, based on loss of consortium.

On July 22, 1980, Plaintiff, a resident of the State of Louisiana, filed an action against Defendant, a corporation, with its principal place of business in St. Louis, Missouri, seeking damages for loss of consortium from Ernie J. Navarre, in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.

Thereafter, pursuant to 28 U.S.C. § 1441, Defendant removed this action to the United States District Court for the Southern District of Illinois. As there is diversity of citizenship between the parties, jurisdiction is established under the provisions of 28 U.S.C. § 1332.

Plaintiff premises her claim upon the recent holding of the Supreme Court in *American Export Lines, Inc. v. Alvez*, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980), wherein an action for loss of society, resulting from personal injury, was recognized as arising under the General Maritime Law. Id. at 284, 100 S.Ct. at 1679, 64 L.Ed.2d at 293.

In *Alvez, supra,* the Court found it appropriate to extend the reasoning of *Sea–Land Services, Inc. v. Gaudet,* 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9; allowing recovery for loss of society by a widow under the maritime wrongful death remedy created by *Moragne v. States Marine,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970); to a wife's loss of consortium resulting from personal injuries sustained by her husband.

On February 26, 1977, Ernie J. Navarre suffered personal injuries to his back while employed as a deckhand on board Defendant Wisconsin Barge Line's motor vessel, the M/V MYRA ECKSTEIN. Thereafter, a lawsuit was filed in the Twentieth Judicial Circuit, St. Clair County, Illinois, on July 25, 1977, in which damages were sought under the provisions of 46 USC § 688 et seq., commonly called "The Jones Act", and the General Maritime Law. This

action was resolved on May 31, 1979 and dismissed with prejudice.

At the time of the accident, Ernie J. Navarre was not married nor had he been prior thereto. Plaintiff's affidavit, filed in opposition to the Motion for Summary Judgment, establishes that she married Ernie J. Navarre in July of 1978 but that they had known one another for some time prior to the 1977 accident.

The factual issue presented under Defendant's Motion for Summary Judgment is whether Plaintiff can maintain an action for loss of consortium when she was not married to Ernie J. Navarre at the time of the February 26, 1977 accident.

In light of the recent decision of the Supreme Court in *Alvez, supra,* this appears to be a case of first impression under the General Maritime Law. Yet the principles employed in the common law right of action for loss of consortium are equally applicable here as to the relationship of the parties which must exist at the time of the personal injury giving rise to such right, *e.g., Alvez, supra; Igneri v. Cie de Transports Oceaniques,* 323 F.2d 257 (2d Cir. 1963), cert. denied 376 U.S. 949, 84 S.Ct. 965, 11 L.Ed.2d 969 (1964); *Giglio v. Farrell Lines, Inc.,* 424 F.Supp. 927 (S.D.N.Y.1977); and Gilmore and Black, *The Law of Admiralty* (1975) § 1–16.

The term "consortium" has been defined as a right which the law recognizes, arising from the marital union, to have performance by the spouse of all those duties and obligations, in respect to the other, which were undertaken at the commencement of the marriage relationship, *e.g., Price v. Green Transportation,* 287 F.2d 363 (7th Cir. 1961); *Albert v. McGrath,* 278 F.2d 16 (D.C. Cir.1960); *Arant v. Stover,* 307 F.Supp. 144 (D.S.C.1969); *Alsop v. Eastern Air Lines, Inc.,* 171 F.Supp. 180 (E.D.Va.1959); *Dini v. Naiditch,* 20 Ill.2d 406, 170 N.E.2d 881 (1960); *Wood v. Mobil Chemical Company,* 50 Ill.App.3d 465, 8 Ill.Dec. 701, 365 N.E.2d 1087 (1977); *Hoffman v. Dautel,* 192 Kan. 406, 388 P.2d 615 (Kan.1964); *Morey v. Keller,* 77 S.D. 49, 85 N.W.2d 57 (1957); *Shreve v. Faris,* 144 W.Va. 819, 111 S.E.2d 169 (1959).

The general rule, in cases of this nature, has always been to require the existence of a lawful marriage at the time of the accident which precipitated the loss, *e.g., Domany v. Otis Elevator Company, et al.,* 369 F.2d 604 (6th Cir. 1966) and *Wagner v. International Harvester Company, et al.,* 455 F.Supp. 168 (D.Minn.1978). This same principle has equal applicability to actions for loss of consortium based on the General Maritime Law.

Yet Plaintiff argues that this Court should take into consideration the fact that she knew Ernie Navarre before the accident and that their relationship prior to February of 1977, with the subsequent marriage in July of 1978, creates a question of fact as to whether she is entitled to damages for loss of consortium. In support of her position, Plaintiff relies solely on *Sutherland v. Auch Inter–Borough Transit Company,* 366 F.Supp. 127 (E.D.Pa.1973), wherein the Court allowed a claim for loss of consortium even though the parties were not married at the time of the accident.

The ruling in that case is clearly distinguishable from the facts in the instant action. In *Sutherland, supra,* the parties were engaged at the time of the personal injury and were actually married less than a month thereafter.

Here the fact that Dolores and Ernie Navarre knew one another at the time of the February, 1977 accident, and were subsequently married eighteen months thereafter, does not present the special circumstances which may allow a limited modification of the general rule in unusual cases such as *Sutherland, supra.*

This Court agrees with the general rule as stated in *Sartori v. Gradison Auto Bus Co., Inc.,* 42 Pa.D.& C.2d 781 (1967), wherein the Court of Common Pleas of Washington County, Pennsylvania held, at 785: "(a) subsequent husband should not acquire any right to sue for loss of consortium. He should not be entitled to marry a cause of action".

Under the factual situation presented here, Plaintiff, Dolores Navarre, does not have a right of action against Wisconsin Barge Line for loss of consortium as she

was not married to Ernie J. Navarre before February 26, 1977.

This case does not require a determination as to whether Plaintiff may maintain an action for loss of consortium, in light of *Alvez, supra*, which arises out of a personal injury accident occurring prior to the Supreme Court's decision therein. This decision should not be read as determining this point.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the court finds that there is no genuine issue of material fact, and that Wisconsin Barge Line, Inc. is entitled to judgment as a matter of law. The Court further finds that there is no just reason for delay of entry of final judgment with respect to the claim of Dolores Navarre.

Therefore:

IT IS ORDERED that the motion of Wisconsin Barge Line, Inc. for summary judgment be and is hereby granted and that this cause is dismissed with prejudice at Plaintiff's costs.