**Donald and Tami Sue GUNTER**

v.

**MARINE OFFSHORE CATERING COMPANY, INC., et al.**

Civ. A. No. 84–3032.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Sept. 24, 1985.

Neblett, Beard & Arsenault, Richard J. Arsenault, Alexandria, La., for plaintiff.

Habans & Bologna, P.L.C., John C. McNeese, Energy Center, New Orleans, La., Mouton, Roy, Carmouche, Bivins, Judice & Henke, Harmon F. Roy, Lafayette, La., for defendant.

## RULING

LITTLE, District Judge.

Asserted as a fourth cause of action in this petition is the claim of Tami Sue Gunter. She alleges that she is the wife of Donald Gunter and that her husband was injured on 13 May 1983 while in the course of his employment with defendant, Marine Offshore Catering Company, as a seaman and member of the crew of a jack-up rig, a vessel in navigation, owned by Atlantic Pacific Marine Corporation, which was being furbished by Delta Construction Company, Inc. As a result of the negligence of the defendants, Tami suffered a loss of her husband's consortium and has suffered mental anguish by being forced to witness the suffering endured by her husband, whereby her own nerves and health were seriously shocked, weakened and impaired. Due to the injured physical and mental condition of her husband, Tami continues, according to her petition, to suffer in mind and body and has been denied the care, and, comfort, companionship, affection, love, attention, protection and society of her husband and the pleasure and assistance of her husband in escorting her to visit friends and relatives and to perform all husbandly functions. For this loss Tami demands $150,000.

The Supreme Court stepped boldly and positively in 1970 when it created a cause of action under general maritime law to allow a wrongful death claim based on unseaworthiness. *Moragne v. States Marine Lines,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). Thus, in a death case, under general maritime law, a surviving spouse has a cause of action for damages which her husband sustains due to his death. *Moragne* was expanded in *Sea-Land Services v. Gaudet,* 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974) to accord a spouse of a deceased seaman a cause of action for damages which the surviving spouse sustained due to the death of the seaman spouse even though the surviving spouse asserts her claim after the husband's claim has been judicially determined. *Moragne* was further enlarged by *American Export Lines, Inc. v. Alvez,* 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980) to grant a spouse a cause of action for loss of her husband's society in a non-fatal accident under general maritime law.

The dissent in the *Gaudet* case was most critical of the practical application of its holding. Justice Powell directed his attention specifically to the beneficiaries who would have a right to sue due to the fatal injury suffered by the seaman:

"In this regard, it might be noted that the Court has still not resolved many of the practical questions left open in *Moragne,* such as how to define the class of beneficiaries or an appropriate limitation period. Presumably, in resolving such questions the lower courts are to continue to rely on the admiralty wrongful-death statutes. Now they are placed in the interesting position of analogizing two statues under which the very claim before them would be blocked."

414 U.S. p. 602, 94 S.Ct. p. 806. The concern of Justice Powell becomes lifelike in the case sub judice as Tami Sue Gunter did not marry Donald Gunter until after his injury. A defendant has filed a motion for summary judgment asking this Court to dismiss Tami's claim, as previously described, since she was not the type of beneficiary granted relief under *Gaudet, Moragne* or *Alvez.*

It would be simple and perhaps appropriate to grant the motion and dismiss Tami's demand by merely quoting from and expanding on Judge Rubin from *Hamilton v. Canal Barge Company, Inc.,* 395 F.Supp. 978, 987–988 (E.D.La.1975):

"Neither DOSHA, the Jones Act, nor state death actions recognize as a benficiary anyone other than a relative. Death is a rupture in the social fabric. It causes loss to many, to fiancees and neighbors, to friends, to organizations to which the decedent belonged, to charities he may have supported, and in individual cases to many others who may have loved the deceased and been seriously affected by his death. But statutes granting a right to recover for the loss

occasioned by death have always been limited to relatives, and, as we have seen, in some instances only to those who were also dependents.

No one can doubt that Ms. Dunn was injured by Mr. Hamilton's death, or that the entire course of her life has been altered. But she was not a relative; hence she may not be awarded money damages for the grievous hurt she has suffered. Compare *In re Sincere Navigation*, E.D.La.1971, 329 F.Supp. 652.

Nor can damages be awarded her on the basis that the defendants caused her fiancee to breach his promise of marriage. No attempt need be made to ascertain whether state law or federal law should determine the liability for an interference with such a relationship by breach of a duty imposed by the maritime law. Louisiana does not recognize any action for interference with contractual relations, *Cust v. Item Co.*, 1942, 200 La. 515, 8 So.2d 361; and the maritime law does not recognize an action for negligent interference with a contractual relationship. *Kaiser Aluminum & Chemical Corp. v. Marshland Dredging Co.*, 5th Cir.1972, 455 F.2d 957."

But something more needs to be said. The content of general maritime law emanates from judicial decisions, it is not a statute. It is judge-made law ever bending, ever expanding and ever responsive to social flow. This is distinguished from, for example, the Jones Act, 46 U.S.C. § 688, which by specific statutory language does not allow for recovery by Mrs. Gunter for the damages she allegedly sustained. While general maritime law is judicially crafted, one should not expect that there will be six or seven hundred different causes of action created whimsically by six or seven hundred different federal district judges. Judicial restraint demands some semblance of order and reasonable predictability. For that reason, this Court, and others, looks to the legislative will of the states to determine how those bodies have addressed identical situations.

A small minority of states disallow a cause of action to the non-injured spouse.

See Loss of Consortium, *Case and Comment*, July-August, 1985. Louisiana, like the vast majority of other states, creates a cause of action to a non-injured spouse for damages which that spouse suffers as a result of injury to the other spouse. To allow loss of society actions to engaged couples would be an unwarranted expansion of general maritime law not recognized by a majority of grass root legislatures.

The Court is not unmindful of two cases where a loss of consortium has been recognized to an individual engaged to be married to an injured individual. See *Bulloch v. United States*, 487 F.Supp. 1078 (N.J. 1980) and *Sutherland v. Auch Inter-Borough Transit Company*, 366 F.Supp. 127 (E.D.Pa.1973). Neither case has fathered any approving jurisprudence. To the contrary, the *Bulloch* holding was rejected in *Childers v. Shannon*, 183 N.J.Super. 591, 444 A.2d 1141 (1982) and the *Auch* case met a similar fate at the hands of *Rockwell v. Liston*, 71 Pa.D. & C.2d 754 (1975). This Court agrees with the logic employed in the decision of *Navarre v. Wisconsin Barge Line, Inc.*, 502 F.Supp. 360 (S.D.Ill.1980). An individual should not be entitled to marry a cause of action. See also, W. Prosser, *The Law of Torts*, § 124 at p. 874 (4th ed. 1971); *Restatement (Second) of Torts*, § 693, comment h (1977). While it is true that there have been changes in social attitudes, we cannot create a right based on considerations that have been rejected by so many.

We hold that general maritime law does not grant a cause of action for loss of consortium or loss of society to one who marries a seaman who has suffered injury prior to the marriage.

The motion for partial summary judgment is GRANTED and an appropriate judgment shall issue.