# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3326

_____

Lemlem S. Kebede,                    *
                                     *
            Appellant,               *
                                     *   Appeal from the United States
    v.                               *   District Court for the
Hayley R. Hilton,                    *   District of South Dakota.
                                     *
            Appellee.                *

_____

Submitted: June 10, 2009
Filed: September 4, 2009

_____

Before SMITH and SHEPHERD, Circuit Judges, and LIMBAUGH,[1] District Judge.

_____

SMITH, Circuit Judge.

Minnesota residents Lemlem S. Kebede and Ernest Christiansen married in 1998. While working in South Dakota in 2002, Christiansen began an extramarital affair with Hayley R. Hilton, a coworker. Kebede and Christiansen divorced after Kebede learned of the affair, and Kebede brought a diversity action in federal district court against Hilton for alienation of affections under state law. At trial, the district

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

court[2] prohibited Kebede from introducing evidence of Hilton's affairs with two coworkers other than Christiansen. The jury returned a verdict in Hilton's favor, and Kebede argues on appeal that the district court erred in excluding evidence of Hilton's other affairs. We reject Kebede's argument and affirm the judgment of the district court.

## I. *Background*

Kebede and Christiansen moved to Minnesota in 1995 and married in 1998. Although Kebede characterized the marriage as a happy one, Christiansen testified that the marriage was unhappy and that Kebede verbally and physically abused him. In October 2001, Christensen accepted a contract position with the State of South Dakota and moved to Aberdeen.

In 2002, Christiansen began a sexual relationship with Hilton, a coworker in Aberdeen who was also married at the time. When Christiansen's position in South Dakota ended in August 2002, he returned to Minnesota but continued his relationship with Hilton. Kebede learned of the affair in January 2003, and Christiansen filed for divorce the following month. Kebede and Christiansen's divorce was finalized in 2004. Christiansen and Hilton ended their relationship in July 2005.

In December 2005, Kebede brought an action against Hilton in district court for alienation of affections. In her August 2007 deposition, Hilton testified that she had affairs with two coworkers other than Christiansen. The first such affair, which occurred prior to her affair with Christiansen, involved a married coworker. The second such affair, which occurred in December 2002 (shortly after Christiansen returned to Minnesota), involved a single coworker.

---

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

-2-

Prior to trial, Hilton filed a motion in limine to exclude any evidence concerning her "prior affairs or encounters with men other than her husband." The district court granted Hilton's motion. During trial, Kebede requested that the court permit her to question Hilton about her other affairs and made an offer of proof consisting of Hilton's deposition testimony concerning those affairs. The court denied Kebede's request, concluding that the evidence was irrelevant and "more prejudicial than probative." The jury returned a verdict in Hilton's favor, and Kebede now appeals.

## II. *Discussion*

Kebede's sole argument on appeal is that the district court erred in excluding evidence of Hilton's affairs with two coworkers other than Christiansen. "A district court enjoys wide discretion in ruling on the admissibility of proffered evidence, and evidentiary rulings should only be overturned if there was a clear and prejudicial abuse of discretion." *US Salt, Inc. v. Broken Arrow, Inc.*, 563 F.3d 687, 689–90 (8th Cir. 2009) (internal citations and quotation marks omitted).

Under South Dakota law, "[t]he elements of a claim for alienation of affection are 1) wrongful conduct of the defendant, 2) loss of affection or consortium, and 3) a causal connection between the wrongful conduct and the loss of affection or consortium." *Jones v. Swanson*, 341 F.3d 723, 732 (8th Cir. 2003) (citing *Hunt v. Hunt*, 309 N.W.2d 818, 820 (S.D. 1981)). "'*The gravamen of an action for alienation of affection . . . is enticement. It is based on an intentional tort, not negligence.* The acts which lead to the loss of affection must be wrongful and intentional, calculated to entice the affection of one spouse away from the other . . . .'" *Id.* (quoting *Pankratz v. Miller*, 401 N.W.2d 543, 549 (S.D. 1987)). "'[A]ctual intent to alienate the affection of the spouse of another need not necessarily be shown if defendant's conduct is inherently wrong and tends to, and does, have that effect. In other words every person is presumed to intend the consequences of his own voluntary acts.'" *Id.* (quoting *Pearsall v. Colgan*, 76 N.W.2d 620, 621 (S.D. 1956)). "'[I]f it appears there was no

-3-

affection to alienate, recovery is precluded.'" *Id.* (quoting *Pankratz*, 401 N.W.2d at 546).

Kebede first argues that the evidence of Hilton's affairs with two coworkers other than Christiansen "tended to show Hilton's propensities for this type of activity." But subject to exceptions not relevant in this case, "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid. 404(a). The evidence of Hilton's other affairs is not admissible to prove that Hilton had a propensity to have affairs.

Kebede also argues that the evidence of Hilton's affairs with two coworkers other than Christiansen was admissible to demonstrate intent, relying on *Veeder v. Kennedy*, 589 N.W.2d 610 (S.D. 1999).[3] In *Veeder*, the plaintiff brought an action against the defendant for alienating the affections of the plaintiff's ex-wife. *Id.* at 612. Following a jury verdict in the plaintiff's favor, the defendant argued on appeal that the trial court erred in admitting evidence that (1) "he had an affair with a fellow employee in the 1970's"; (2) "[t]his affair lead to the breakup of both their marriages"; and (3) "[he] and the employee were eventually married." *Id.* at 613, 619.

The South Dakota Supreme Court held that the evidence was relevant to demonstrate the defendant's intent, reasoning as follows: "Alienation of affections is an intentional tort and it was necessary for [the plaintiff] to prove intent to proceed with his case. . . . As the defendant rarely admits the crucial element of intentional wrongful conduct, it must be established by the plaintiff through circumstantial evidence to avoid being nonsuited." *Id.* at 620. The court noted that "the trial court correctly included the proper limiting instruction, advising the jury that this evidence was received for the purpose of aiding the jury in determining whether [the defendant]

---

[3]Federal Rule of Evidence 404(b) provides that although "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," it may be admitted to prove intent.

-4-

had the intent required to find him liable and the information could not be used for any other purpose." *Id.*

Kebede reads *Veeder* as standing for the proposition that evidence of another affair is always relevant in an alienation of affections case, but Kebede applies *Veeder*'s holding too broadly. In *Veeder*, (1) the defendant's affair with his coworker, which the plaintiff sought to introduce into evidence, occurred prior to the affair with the plaintiff's spouse—the root of the alienation of affections action; (2) the prior affair lead to the breakup of the coworker's marriage; and (3) the defendant, who eventually married his coworker, was presumably aware that the affair lead to the breakup of his coworker's marriage. It could thus rationally be inferred that the defendant entered into the subsequent affair with the same goal. *See Blaylock v. Strecker*, 724 S.W.2d 470, 475 (Ark. 1987) (holding that evidence of the defendant's prior affair was admissible to prove intent in an alienation of affections action because it had "independent relevance to show that [the defendant] knew the result of the first affair, and therefore, entered the [subsequent] relationship with the conscious purpose of causing the same result").

But, in this case, Keb`ede points to no evidence in the record that Hilton either alienated the affections of the other coworkers with whom she had affairs or was aware that her coworkers' affections had been alienated. *Id*. Evidence of Hilton's other affairs would only prove intent if it were shown that she knew, based on those affairs, that alienation was the likely result of her actions with Christiansen. In the absence of such proof, evidence of Hilton's other affairs would have only been relevant to prove that she had a propensity for having affairs, which is a prohibited purpose under Rule 404(a). Even assuming that evidence of Hilton's other affairs was relevant, without additional evidence establishing her intent, evidence of the affairs would be unfairly prejudicial and could be ruled inadmissible on that ground. On this record, the district

court did not abuse its discretion in excluding evidence of Hilton's affairs with two coworkers other than Christiansen.[4]

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____

---

[4] We also note that even if evidence of the other affairs was more probative than prejudicial, the case would not likely have resulted in a different outcome by the district court's admission of such evidence. A close review of the trial transcript reveals considerable testimony from multiple witnesses suggesting that there was very little affection and, in fact, a fair amount of emotional, verbal, and physical abuse by the plaintiff, Kebede, towards her husband. Because the record reflects that the state of the marriage was a much greater point of contention in this particular case, we cannot see how introducing evidence of the other affairs would have accomplished much more than character assassination. The evidence of the other affairs was not at the heart of the matter in this case; therefore, the district court was well within his discretion to exclude the evidence as overly prejudicial.